**Exhibit A**

**Proposed Interim Order**

DE:4871-2280-9582.6 28613.00001

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| FLUID MARKET INC., *et al.*,[1] | ) ) ) | Case No. 24-12363 (___) |
| Debtors. | ) ) | (Joint Administration Requested) |

## INTERIM ORDER:  (I) AUTHORIZING, BUT NOT DIRECTING, THE PAYMENT OF CERTAIN TAXES AND FEES; AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"):  (a) authorizing, but not directing, the Debtors to remit and pay (or use tax credits to offset) Taxes and Fees; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is necessary to the ongoing orderly operation of the Debtors' business and is in the best interest of the Debtors, their estates, and their creditors; and it appearing that the notice of the Motion having been given as set forth

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Fluid Market Inc. (1365) and Fluid Fleet Services, LLC (5994). The Debtors' service address is 3827 Lafayette St., Suite #149, Denver, CO 80205.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

therein was appropriate and that no other or further notice need be given; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor; IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth in this Interim Order.

2. The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2024, at __:__ _.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2024, and shall be served on: (a) proposed co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones (ljones@pszjlaw.com); (b) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: _____ (_____); (c) counsel to any statutory committee appointed in these chapter 11 cases; and (d) counsel to the [DIP lenders].

3. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

4. The Debtors are authorized, but not directed, on an interim basis, to: (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy, the Taxes and Fees that arose or accrued prior to the Petition Date and that will become due and owing in the ordinary course of business during the pendency of the chapter 11 cases at such time when the Taxes and Fees are payable, provided that such payments shall not exceed $130,000 pending entry of the Final Order; and (b) negotiate, pay, and remit (or use tax credits to offset) Taxes and Fees that arise or accrue

in the ordinary course of business on a postpetition basis—including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to Audits, or paying any Taxes and Fees arising as a result of Audits.

5. All applicable banks and other financial institutions are authorized to receive, process, honor, and pay any and all prepetition checks or by automated clearinghouse payment issued by the Debtors for the payment of Taxes and Fees approved herein, whether prior to or after commencement of the chapter 11 cases.

6. The Debtors are authorized, consistent with this Interim Order, to issue postpetition checks or to effect postpetition automated clearinghouse requests in replacement of any checks or automated clearinghouse requests relating to taxes that were dishonored or rejected.

7. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

8. Nothing in the Motion, this Interim Order, or the Debtors' payment of any claims pursuant to this Interim Order, shall be construed as: (i) an admission as to the validity of any claim against any Debtor or the existence of any lien against the Debtors' properties; (ii) a waiver of the Debtors' or any other party in interest's rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Interim Order. Nothing contained herein or in the Motion shall be deemed to

3

increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent that it is not paid.

9. Nothing herein shall impair any right of the Debtors or any other party in interest to dispute or object to any taxes asserted as owing to the Taxing Authorities or those parties who ordinarily collect the Prepetition Tax Obligations as to amount, liability, classification, or otherwise.

10. Notwithstanding the possible applicability of Bankruptcy Rules 6003 and 6004, the terms and conditions of this Interim Order shall be immediately effective and enforceable. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the Motion. To the extent the 14-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and Local Rule 9013-1(m) are satisfied by such notice.

12. To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

14. This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Interim Order.

DE:4871-2280-9582.6 28613.00001