# EXHIBIT A

**Interim Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| FLUID MARKET INC., *et al.*,[1] | ) Case No. 24-12363 (___) |
| Debtors. | ) (Joint Administration Requested) |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO
(A) MAINTAIN EXISTING INSURANCE POLICIES AND PAY ALL INSURANCE
OBLIGATIONS ARISING THEREUNDER, AND (B) RENEW, SUPPLEMENT,
MODIFY, OR PURCHASE INSURANCE COVERAGE**

Upon the motion (the "Motion")[2] of the Debtors for entry of this interim order (the "Order") and a final order (i) authorizing the Debtors, in their discretion, to (a) maintain their existing insurance policies and pay all insurance obligations arising thereunder or in connection therewith, and (b) renew, supplement, modify, or purchase insurance coverage, and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of these cases and this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Fluid Market Inc. (1365) and Fluid Fleet Services, LLC (5994). The Debtors' service address is 3827 Lafayette St., Suite #149, Denver, CO 80205.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT**:**

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing on the Motion (the "Final Hearing") is set for _____ __, 2024 at __:__ a.m./p.m. (prevailing Eastern Time).  Any objections or responses to the entry of the proposed Final Order shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on _____ ___, 2024 (the "Objection Deadline"), and shall be served on the following parties or their respective counsel on or before the Objection Deadline:  (a) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn:  Laura Davis Jones, email: ljones@pszjlaw.com and Timothy P. Cairns, email: tcairns@pszjlaw.com); (b) the United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Wilmington, Delaware 19801 (Attn: _____, email: _____@usdoj.gov); and (c) counsel for any statutory committee appointed in these chapter 11 cases.  If no objections or responses are filed and served by the Objection Deadline, the Court may enter the Final Order without further notice or hearing.

3. The Debtors are authorized, in their discretion, to continue the Insurance Policies in the ordinary course of business and honor their Insurance Obligations thereunder, including honoring any prepetition amounts outstanding on account of the Insurance Policies and pay

premiums thereunder upon entry of the Interim Order to the extent that the Debtors determine, in their discretion, that such actions are in the best interests of their estate.

4. The Debtors are authorized to renew, supplement, modify or enter into new Insurance Policies in the ordinary course.

5. The Debtors are authorized, in their discretion, to pay any amounts that become due and owing to the Broker on account of commissions on a postpetition basis in the ordinary course of business and consistent with past practices.

6. The Debtors are authorized, in their discretion, to pay US Fire Insurance up to $150,000 for prepetition premiums and to continue to pay post-petition premiums to US Fire Insurance in the ordinary course of business and consistent with past practices.

7. Nothing in this Order nor any action taken hereunder: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; (d) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the Debtors; or (e) shall create, or is intended to create, any rights in favor of, or enhance the status of any claim held by, any person. Any payment made pursuant to this Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

8. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Interim Order shall create any rights in favor of or enhance the status of any claim held by any party in interest.

9. The requirements of Bankruptcy Rule 6003 are satisfied by this Motion.

10. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof and notice of the Motion as provided therein shall be deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.