**Exhibit B**

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FLUID MARKET INC., *et al.*,[1] | ) Case No. 24-12363 (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) **Ref. Docket No. ____** |

**FINAL ORDER (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE
ASSURANCE OF PAYMENT TO UTILITY COMPANIES; (II) ESTABLISHING
PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES;
(III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING,
OR DISCONTINUING SERVICE; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of a final order (this "<u>Final Order</u>"), pursuant to sections 105(a) and 366 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004: (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Companies; (ii) establishing procedures for resolving objections by Utility Companies relating to the adequacy of the proposed adequate assurance provided by the Debtors; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on the basis of the commencement of the chapter 11 cases or any outstanding prepetition debts; and (iv) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Fluid Market, Inc. (1365); and Fluid Fleet Services, LLC (5994).  The Debtors' service address is 3827 Lafayette St., Suite #149, Denver, CO 80205.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having entered an interim order on the Motion [Docket No. [●]]; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

3.      The Proposed Adequate Assurance shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code for all Utility Companies that have received notice and for whose benefit Adequate Assurance Deposits are being made.

4.      Subject to compliance with the procedures set forth in the Motion and this Final Order, all Utility Companies that have received notice, and for whose benefit Adequate Assurance Deposits are being made, are prohibited from altering, refusing, or discontinuing Utility

Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Proposed Adequate Assurance, and all such Utility Companies are deemed to have received adequate assurance of payment in accordance with section 366 of the Bankruptcy Code.

5.      The following Adequate Assurance Procedures are hereby approved:

a)      The Debtors will serve a copy of the Motion and this Final Order on the Utility Companies on the Utility Services List, attached to the Motion as Exhibit C, within three (3) business days after entry of this Final Order.

b)      The Debtors shall have deposited the Utility Deposit in the Utility Deposit Account within twenty (20) days after entry of the Interim Order.

c)      If an amount relating to Utility Services provided postpetition by any Utility Company is unpaid and remains unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Adequate Assurance Account up to the amount applicable to each such Utility Provider by giving notice to: (i) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Laura Davis Jones (ljones@pszjlaw.com), David M. Bertenthal (dbertenthal@pszjlaw.com), and Timothy P. Cairns (tcairns@pszjlaw.com); (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: [●]; and (iii) counsel to any official committee of unsecured creditors appointed in the chapter 11 cases (collectively, the "Notice Parties"). The Debtors shall honor such request within five (5) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and the Utility Company to resolve any dispute regarding such request without further order of the Court. To the extent any Utility Company receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

d)      The portion of the Utility Deposit attributable to each Utility Company will be returned to the Debtors upon the earlier of: (i) reconciliation and payment by the Debtors of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company; and (ii) the earlier of (a) the effective date of any chapter 11 plan confirmed in the chapter 11 cases and (b) the closure of the chapter 11 cases; *provided* that there are no outstanding disputes related to postpetition payments due to the affected Utility Companies.

3

e)      Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "<u>Additional Assurance Request</u>") on the Notice Parties.

f)      The Additional Assurance Request must:  (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for those location(s), and the outstanding balance for each account; and (iii) explain why the Utility Company believes the Utility Deposit is not adequate assurance of payment.

g)      An Additional Assurance Request may be made at any time.  If a Utility Company does not serve an Additional Assurance Request, the Utility Company will be:  (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance.

h)      Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will negotiate with the Utility Company to resolve the Utility Company's Additional Assurance Request.

i)      The Debtors may, without further order from the Court, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including cash deposits, payments of any outstanding prepetition balance due to the Utility Company, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

j)      If the Debtors and the Utility Company are not able to reach an alternative resolution within thirty (30) days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to the particular Utility Company (the "<u>Determination Hearing</u>") pursuant to section 366(c)(3) of the Bankruptcy Code, unless the Debtors and the Utility Company agree in writing to extend the period.

k)      Pending resolution of the Additional Assurance Request and Determination Hearing, the Utility Company making the Additional Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

4

6.      All Utility Companies that have received notice, and for whose benefit Adequate Assurance Deposits are being made, are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

7.      The Debtors are authorized to cause the Adequate Assurance Deposit to be held in a segregated account during the pendency of these chapter 11 cases.

8.      The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

9.      The Debtors are authorized to amend the Utility Services List to the extent the Debtors terminate the services of any Utility Company or identify additional Utility Companies, and this Final Order shall apply to any Utility Company that is added to the Utility Services List upon such Utility Company being added to the Utility Services List and being served with this Final Order.  The Debtors shall serve a copy of this Final Order upon any Utility Company added to the Utility Services List.

10.      The Debtors shall increase the amount of the Utility Deposit if an additional Utility Company is added to the Utility Services List by an amount equal to two (2) weeks of Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the twelve (12) months prior to the Petition Date.

11.      The Debtors may terminate the services of any Utility Company and amend the Utility Services List to reflect such termination.  The Debtors are authorized to reduce the Utility Deposit by the amount held on account of such terminated Utility Company upon seven (7) days' notice of such reduction and having not received a response thereto by such deadline.

4858-8973-8473.2 28613.00001

12.    The relief granted herein is applicable to all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

13.    Nothing contained in the Motion, the Interim Order, or this Final Order, nor any payment made pursuant to the authority granted by the Interim Order or this Final Order, is intended to be or shall be construed as:  (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

14.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15.    Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

16.    This Court retains jurisdiction to enforce and implement the terms and provisions of this Final Order and the Adequate Assurance Procedures and retains jurisdiction over any disputes with respect thereto.

17.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

4858-8973-8473.2 28613.00001

**Exhibit C**

**Utility Services List**

| Debtor | Utility Company | Account Number | Type of Service | Average Monthly Billings | Proposed Utility Deposit |
|---|---|---|---|---|---|
| Fluid Market, Inc. | AT&T | x2474 | Cell Phones | $100 | $50.00 |
| Fluid Market, Inc. | AT&T | x4193 | Cell Phones | $9,367 | $4,683.50 |
| Fluid Market, Inc. | AT&T | x2802 | Cell Phones | $16,139 | $8,069.50 |
| Fluid Market, Inc. | Verizon Wireless | x1157 | Cell Phones | $6,629 | $3,314.50 |
| Fluid Market, Inc. | Dialpad, Inc. | N/A | Phones | $10,066 | $5,033.00 |
| Fluid Market, Inc. | Twilio | N/A | SMS | $406 | $203.00 |
| Fluid Market, Inc. | Stericycle, Inc. ("Shred-it") | x9459 | Shredding | $264 | $132.00 |
| Fluid Market, Inc. | Comcast | x6449 | Internet | $4,697 | $2,348.50 |
| Fluid Market, Inc. | Comcast | x8052 | Internet | $321 | $160.50 |
| Fluid Market, Inc. | Comcast | x7113 | Internet | $616 | $308.00 |
| Fluid Market, Inc. | Comcast | x5943 | Internet | $475 | $237.50 |
| Fluid Market, Inc. | Comcast | x5869 | Internet | $475 | $237.50 |
| Fluid Market, Inc. | Comcast | x5836 | Internet | $475 | $237.50 |
| Fluid Market, Inc. | Comcast | x5281 | Internet | $475 | $237.50 |
| Fluid Market, Inc. | CPS Energy | x4134 | Gas | $60 | $30.00 |
| Fluid Market, Inc. | Spectrum | x7042 | TV & Internet | $186 | $93.00 |
| Fluid Market, Inc. | Lakeview Light & Power | x9001 | Electric | $106 | $53.00 |
| Fluid Market, Inc. | Idaho Power | x5185 | Electric | $116 | $58.00 |
| Fluid Market, Inc. | Cascade Natural Gas | x9174 | Gas | $38 | $19.00 |
| Fluid Market, Inc. | Xcel Energy (Unit 2) | x3267 | Gas | $171 | $85.50 |
| Fluid Market, Inc. | Xcel Energy (Unit 3) | x3267 | Gas | $126 | $63.00 |
| Fluid Market, Inc. | Xcel Energy (Unit 13) | x3267 | Gas | $167 | $83.50 |
| Fluid Market, Inc. | Xcel Energy (Unit 1) | x3267 | Gas | $126 | $63.00 |
| Fluid Market, Inc. | Xcel Energy (Unit 12) | x3267 | Gas | $188 | $94.00 |
| Fluid Market, Inc. | Pure Water Partners | x1766 | Water | $183 | $91.50 |
| | | | **Total:** | **$51,972.00** | **$25,986.00** |