# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FLUID MARKET INC., *et al.*,[1] | ) ) ) | Case No. 24-12363 (___) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

## DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) AUTHORIZING (A) REJECTION OF UNEXPIRED LEASE, AND (B) ABANDONMENT OF CERTAIN PERSONAL PROPERTY; AND (II) GRANTING RELATED RELIEF

Fluid Market, Inc. and its affiliated debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") in the above-captioned chapter 11 cases, by and through their undersigned proposed counsel, hereby submit this motion (this "Motion") for entry of an order granting the relief described below. In support hereof, the Debtors rely on the *Declaration of T. Scott Avila in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration")[2] filed concurrently herewith, and further represent as follows:

### Relief Requested

1.  The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing (a) the rejection of the Debtors' unexpired real property lease (as amended or supplemented, the "Lease") for the third floor of the building located at 400 W 48th Ave., Denver, CO 80216 (the "Premises"), effective as of the date hereof (the "Petition Date"); and (b) the abandonment of certain equipment, fixtures, or other personal property

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Fluid Market Inc. (1365) and Fluid Fleet Services, LLC (5994). The Debtors' service address is 3827 Lafayette St., Suite #149, Denver, CO 80205.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

(the "Personal Property") that may be located at the Premises, effective as of the Petition Date; and (c) granting related relief.

## Jurisdiction and Venue

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, Bankruptcy Rules 6004, 6006, and 6007 and Local Rule 9013-1.

## Background

5. On the date hereof, each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant toBankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these

chapter 11 cases, and no official committee of unsecured creditors has been appointed in these chapter 11 cases.

6. The Debtors operate and manage a technology-based, peer-to-peer truck-sharing platform across the United States with a fleet of nearly 5,500 vehicles owned by their nondebtor affiliates or third-party owners who have elected to put their vehicles on the Debtors' platform, https://www.fluidtruck.com/. Customers have quick and easy access to the right vehicle whenever they need it via the Debtors' mobile app and website. Faced with severely constrained liquidity, and after multiple failed efforts to raise additional capital or debt financing, the Debtors, in an exercise of their business judgment, commenced these Chapter 11 Cases with the intention of pursuing a prompt sale of their assets to preserve their business as a going concern and maximize value for all their stakeholders.

7. Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and incorporated herein by reference.

## **The Need for Rejection of Lease**

8. The Debtors no longer have a need for the Premises. On October 11, 2024, the Debtors surrendered possession of the Premises to the landlord. The Debtors have returned or deactivated any physical or electronic keys to the Premises. To preserve value for their estates by avoiding unnecessary rent costs, the Debtors hereby seek to reject the Lease effective as of the Petition Date.

9. The Lease to be rejected provides no benefit to the Debtors' estates or these chapter 11 cases. By rejecting the Lease, the Debtors will save significant amounts every month in rent and associated costs. Absent rejection, the Debtors could be obligated to pay rent under

the Lease even though they have ceased operations at, and will no longer be in possession of, such Premises. As of the Petition Date, the Debtors have ceased all operations on the Premises for the Lease sought to be rejected by this Motion.

### **Personal Property to Be Abandoned**

10. In conjunction with the decision to cease operations at the Premises, the Debtors evaluated the remaining Personal Property belonging to their estates located at the Premises. The Debtors have determined that any Personal Property remaining at the Premises is (a) of inconsequential value or (b) the cost of removing and storing the Personal Property for future use, marketing, or sale exceeds its value to the Debtors' estates. Any Personal Property deemed to provide value to the Debtors' estates has already been sold. The Personal Property is no longer necessary for the administration of the Debtors' estates.

11. Accordingly, to reduce postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors believe that the abandonment of the Personal Property is appropriate and in the best interests of the Debtors, their estates, and their creditors.

### **Basis for Relief**

**I.    Rejection of the Lease as of the Petition Date Is Appropriate and Provides the Debtors with Significant Cost Savings.**

12. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re*

4

*Buckhead Am. Corp.)*, 180 B.R. 83, 88 (Bankr. D. Del. 1995). Application of the business judgment standard requires a court to approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See Lubrizol Enters., Inc. v. Richmond Metal Finishes*, 756 F.2d 1043, 1047 (4th Cir. 1985). Further, "[t]his provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted).

13. Rejection of an unexpired lease is appropriate where such rejection would benefit the estate. *See Sharon Steel Corp. v. Nan Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989). Upon finding that a debtor has exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a). *See In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re Bradlees Stores, Inc.*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed*, 210 B.R. 506 (S.D.N.Y. 1997); *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtors' decision to assume or reject an executory contract "should be granted as a matter of course").

14. The Lease is not a source of potential value for the Debtors' estates or stakeholders. The Debtors' obligations to pay, for example, postpetition rent eliminates any potential value of the Lease to the Debtors' estates—including any potential value from an assignment or sublease. Accordingly, the Debtors have determined that the Lease constitutes an unnecessary drain on the Debtors' resources and, therefore, rejection of the Lease reflects the Debtors' exercise of sound business judgment.

DE:4859-2903-1919.3 28613.00001

## II. This Court Should Deem the Lease Rejected as of the Petition Date.

15. Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection . . . to apply retroactively"). Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief. *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028–29 (1st. Cir. 1995) (stating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive Petition Date falls outside of its authority when the balance of the equities favors this solution."); *see also In re At Home Corp.*, 392 F.3d 1064, 1065-66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease").

16. In *In re Namco Cybertainment, Inc.*, the Court stated that retroactive rejection of an unexpired lease was permissible, provided: (a) the premises (and the keys thereto) were surrendered with an unequivocal statement of abandonment to the landlord; (b) the motion was

6

DE:4859-2903-1919.3 28613.00001

served on the landlord; (c) the official committee consented to the requested relief; and (d) the debtor waived its right to withdraw the motion. No. 98-173 (PJW) (Bankr. D. Del. Feb. 6, 1998); *see also TW, Inc. v. Angelastro (In re TW, Inc.)*, No. 03-10785, 2004 WL 115521, at *2 (D. Del. Jan. 14, 2004) (upholding bankruptcy court ruling denying rejection of leases *nunc pro tunc* to the petition date when the debtor had not surrendered possession prior to the petition date).

17.  Here, the balance of equities favors rejection of the Lease effective as of the Petition Date. Without such relief as to the Lease, the Debtors will potentially incur unnecessary administrative expenses related to agreements that provide no benefit to the Debtors' estates. *See* 11 U.S.C. § 365(d)(3). The landlord of the Premises will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date. Possession of the Premises was delivered to and acknowledged by the landlord prior to the Petition Date, with an unequivocal and irrevocable statement of surrender and abandonment of the applicable Premises to the landlord. Contemporaneously with the filing of this Motion, the Debtors will cause notice of this Motion to be served on the landlord, thereby allowing landlord sufficient opportunity to respond accordingly.

18.  Courts in this jurisdiction have approved relief similar to that requested herein. *See, e.g.*, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (authorizing rejection of unexpired leases *nunc pro tunc* to petition date); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. Sept. 19, 2019) (authorizing rejection of unexpired leases and executory contracts *nunc pro tunc* to specified dates); *In re Charming Charlie Holdings, Inc.*, No. 17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (authorizing rejection of unexpired leases *nunc pro tunc* to specified date); *In re Samson Resources Corporation*, No. 15-11934 (CSS) (Bankr. D. Del. Sept. 2, 2016) (same); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. June 8,

2016) (authorizing rejection of unexpired leases and executory contracts *nunc pro tunc* to petition date).[3]

19. Accordingly, the Debtors respectfully submit that the Court should deem the Lease rejected, effective as of the Petition Date.

**III.  The Abandonment of Personal Property Is Appropriate.**

20. Further, the abandonment of the Personal Property is appropriate and authorized by the Bankruptcy Code.  *See* 11 U.S.C. § 554(a).  Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  *Id.*  Courts generally give a debtor in possession great deference to its decision to abandon property.  *See, e.g.*, *In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters.").  Unless certain property is harmful to the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment.  *See id.*

21. Before deciding to abandon any Personal Property, the Debtors determined that the costs of moving, storing, marketing, and/or selling such Personal Property outweighed any benefit to the Debtors' estates.  Further, any efforts by the Debtors to move or market the Personal Property could unnecessarily delay the Debtors' surrender of the Premises and the rejection of the Lease.  Accordingly, it is in the best interests of the Debtors and their estates for the Debtors to be able to abandon Personal Property located on the Premises.

---

[3]  Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

DE:4859-2903-1919.3 28613.00001

22.    Courts in this jurisdiction have approved relief similar to the relief requested herein. *See, e.g.*, *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Dec. 4, 2019) (authorizing the Debtors to abandon personal property in connection with lease rejection); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (same); *In re Things Remembered, Inc.*, No. 19-10234 (KG) (Bankr. D. Del. Feb. 28, 2019) (same); *In re Charming Charlie Holdings, Inc.*, No. 17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (same); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. June 8, 2016) (same).[4]

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

23.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Notice

24.    Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Debtors' prepetition secured lenders; and (c) the Debtors' thirty largest unsecured creditors on a consolidated basis; (d), the lessor of the Premises; (e) all parties known to have an interest in any Personal Property located at the Premises; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice of this Motion is required.

---

[4]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

**No Prior Request**

25. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

| | |
|---|---|
| Dated: October 16, 2024 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ Laura Davis Jones* |
| | Laura Davis Jones (DE Bar No. 2436) |
| | David M. Bertenthal (CA Bar No. 167624) |
| | Timothy P. Cairns (DE Bar No. 4228) |
| | 919 North Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, Delaware 19899-8705 (Courier 19801) |
| | Telephone: 302-652-4100 |
| | Facsimile: 302-652-4400 |
| | email: ljones@pszjlaw.com |
| |         dbertenthal@pszjlaw.com |
| |         tcairns@pszjlaw.com |
| | |
| | *Proposed Counsel for Debtors and Debtors in Possession* |