# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FLUID MARKET INC., *et al.*,[1] | ) ) ) | Case No. 24-12363 (___) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**ORDER (I) AUTHORIZING (A) THE REJECTION OF UNEXPIRED LEASE, EFFECTIVE AS OF THE PETITION DATE, (B) THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY EFFECTIVE AS OF THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the rejection of a certain unexpired lease of real property (the "Lease") for the third floor of the building located at 400 W 48th Ave., Denver, CO 80216 (the "Premises"), effective as of the Petition Date; (b) authorizing the abandonment of personal property (the "Personal Property") that may be located at the Premises, effective as of the Petition Date; and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Fluid Market Inc. (1365) and Fluid Fleet Services, LLC (5994). The Debtors' service address is 3827 Lafayette St., Suite #149, Denver, CO 80205.

[2] Capitalized terms used in this Order but not immediately defined have the meanings given to such terms in the Motion.

and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Lease is rejected effective as of the Petition Date.

3. Any Personal Property that may be located on the Premises is hereby abandoned, with such abandonment being effective as of the Petition Date.

4. Any claims arising out of the rejection of the Lease must be filed on or before the later of (i) 30 days after entry of this Order, or (ii) any deadline established by the Court for filing proofs of claims in these cases. The Debtors reserve all rights to contest any rejection damages claim and to contest the characterization of the Lease. If the Debtors have deposited monies with a counterparty to the Lease as a security deposit or other arrangement, such counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of the Court.

5. The Debtors do not waive any claims that they may have against the counterparty to the Lease, whether or not such claims are related to such Lease.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume

any agreement, contract, lease, or sublease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.