**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) Case No. 25-11454 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 3** |

**INTERIM ORDER (I) AUTHORIZING
THE DEBTORS TO (A) FILE A CONSOLIDATED
LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS,
(B) REDACT CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS,
AND (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION
OF INDIVIDUALS, (II) APPROVING THE FORM AND MANNER OF SERVICE
OF THE NOTICE OF COMMENCEMENT, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing the Debtors to (i) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu of filing lists for each Debtor, (ii) redact certain confidential information of customers, and (iii) redact certain personally identifiable information of individuals; (b) approving the form and manner of service of the notice of commencement of these chapter 11 cases; (c) scheduling a final hearing to consider approval of the Motion on a final basis; and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted on an interim basis as set forth herein.

2.     Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3.     The final hearing (the "Final Hearing") on the Motion shall be held on **September 9, 2025, at 2:00 p.m., prevailing Eastern Time**.  Any objections or responses to entry of a final order on the Motion shall be filed on or before **4:00 p.m., prevailing Eastern Time, on September 2, 2025** and shall be served on: (a) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 139th

Avenue, Pembroke Pines, Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilley@claires.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn.: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (d) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (e) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com) and (f) any statutory committee appointed in these chapter 11 cases.

4. The Debtors are authorized to file a single consolidated list of their thirty largest unsecured creditors, *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file a list of its own top 30 unsecured creditors. The Debtors shall provide information regarding their largest creditors on an entity-by-entity basis to the U.S. Trustee upon request.

5. As soon as practicable after entry of an order authorizing the engagement of Omni, as Claims and Noticing Agent in these chapter 11 cases, the Debtors shall furnish to Omni a consolidated Creditor Matrix.

6. The Debtors are authorized, on an interim basis, pursuant to section 107(b)(1) of the Bankruptcy Code, to redact the names, addresses, and email addresses of their customers from any filings with the Court or made publicly available in these chapter 11 cases, *provided, however*, that the authorization to redact the names of customers, whether they are natural persons or entities, and the addresses of customers who are not natural persons, is limited to those documents in which disclosure would indicate the status of such person or entity as a customer.  For the avoidance of doubt, and notwithstanding any other provision of this Interim Order to the contrary, nothing herein shall prohibit or forbid the U.S. Trustee from publicly identifying members of any official committee(s) appointed in this case.  Nothing in this Interim Order exempts any customer, creditor, or equity security holder from compliance with Bankruptcy Rule 2019.  Nothing in this Interim Order prohibits any customer, creditor, or equity security holder from voluntarily identifying itself in connection with these Chapter 11 Cases, or voluntarily disclosing any of its contact information.

7. The Debtors are authorized, on an interim basis, pursuant to section 107(c)(1) of the Bankruptcy Code, to redact on the Creditor Matrix, the Schedules and Statements, affidavits of service, and any other documents filed with the Court by the Debtors, the names, home addresses, and email addresses of individuals, including individual creditors and individual equity holders, both in the United States and abroad; *provided* that the Debtors shall file a redacted creditor matrix with the names of non-minor individuals in the United States as soon as reasonably practicable after entry of the Interim Order.  The Debtors shall provide an unredacted version of the Creditor Matrix, the Schedules and Statements, and any other filings redacted pursuant to this

Interim Order to (i) the Court, the U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, and the Claims and Noticing Agent and (ii) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11 cases; any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under any privacy or data protection law or regulation.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order.

8. Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Interim Order.

9. The Debtors shall file a redacted version of the Creditor Matrix, the Schedules and Statements, or any other document filed with the Court, as well as post it on Omni's website.

10. For the avoidance of doubt, the Debtors shall file an unredacted Creditor Matrix under seal with the Court.

11. Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose personally identifiable information is sealed or redacted pursuant to this Interim Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Interim Order shall be confirmed in the corresponding certificate of service.

12. To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Interim Order, such party in interest should contact counsel for the Debtors who shall work in good

faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf.

13. On an Interim basis, the Debtors, through their Claims and Noticing Agent, shall serve all pleadings and papers, including the Notice of Commencement, by U.S. first class mail to the party to be served at the mailing address in the Debtors' books, records, and files or at such other mailing address as such party has designated pursuant to Bankruptcy Rules 2002(g)(1) or 5003(e). Nothing in this order prevents the Debtors from additionally serving any party by email in addition to the methods of service set forth in Fed. R. Bank. P. 9036.

14. The Notice of Commencement, substantially in the form attached hereto as **<u>Exhibit 1</u>**, is approved. Service of the Notice of Commencement shall be deemed adequate and sufficient notice of (a) the commencement of these chapter 11 cases and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

16. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

18. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: August 7th, 2025
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

6

RLF1 33523783v.1