IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Fluid Market Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 24-12363 (CTG)<br><br>**Hearing date: 12/18/24 at 10 a.m.**<br>**Objection Deadline: 12/11/24 at 4 p.m.** |

**MOTION OF ALWAYS FUNDAY LLC, BROKEN MIRROR, LLC, FCP TRANSPORT, LLC, FTS FUNDS, LLC, FSS LOGISTICS GROUP INVESTMENTS, LLC, AFFT, LLC, KERMAN VEHICLES, LLC, KERMAN VEHICLES OREGON, LLC, NO MONDAYS LLC, PREMIER PALM VENTURES, LLC, AND SA TRANSPORT, LLC FOR RELIEF FROM THE AUTOMATIC STAY**

Creditors Always Funday LLC, Broken Mirror, LLC, FCP Transport, LLC, FTS Funds, LLC, FSS Logistics Group Investments, LLC, AFFT, LLC, Kerman Vehicles, LLC, Kerman Vehicles Oregon, LLC, No Mondays LLC, Premier Palm Ventures, LLC, and SA Transport, LLC (collectively, "Movants") now move for relief from automatic stay under 11 U.S.C. § 362(a) to repossess vehicles Movants own that are in the possession or control of the Debtors, which are described more particularly in **Exhibit A** (collectively, the "Vehicles"). Specifically, Movants request relief from the automatic stay to repossess the Vehicles and sell them, deal directly with and recover from third parties those Vehicles in the possession of third parties, take all actions reasonably necessary to assert insurance claims, take control of insurance claims the Debtors made, and obtain the proceeds of insurance policies that are paid or claimed concerning Movants' Vehicles. In connection with relief from the automatic stay, Movants request orders from the Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Fluid Market, Inc. (1365); and Fluid Fleet Services, LLC (5994). The Debtors' service address is 3827 Lafayette St., Suite #149, Denver, CO 80205.

under 11 U.S.C. § 105 directing the Debtors to provide Movants with information about the location of the Vehicles, cooperate with Movants concerning the recovery of the Vehicles, and cooperate with Movants concerning insurance proceeds and insurance claims attributable to the Vehicles.

## Background

1. Each of the Debtors herein filed their petition for relief on October 16, 2024. [D.I. 1]. On October 18, 2024, the Court ordered the joint administration of the Debtors' cases for procedural purposes. [D.I. 33].

2. The Debtors operate a technology platform used to provide truck rentals through a website and mobile application. [D.I. 13 at ¶ 9]. The trucks the Debtors rent to their customers are owned by Debtor affiliates and third parties, such as Movants. *Id*. at ¶¶ 9, 19.

3. The Debtors intend to sell their assets to continue operating the truck rental business as a going concern. *Id*. at ¶ 6. Their primary asset is their platform technology enabling them act as an intermediary between their own customers and Movants, who lease their vehicles to the Debtors. *Id*. The Debtors do not own the Vehicles, but instead manage them for the Movants under an agreement with each Movant. [D.I. 177 at 28, Part 8]; [D.I. 179 at 14, Part 8]; (Agreements, attached as **Exhibit B)**.

4. Movants own the Vehicles made available for the Debtors to lease to their customers. Many of the Movants have obtained financing to buy the Vehicles leased to the Debtors and provided to the Debtors' customers. Meanwhile, as the Debtors seek to "reorganize," Movants are servicing the debt they incurred to acquire the Vehicles in the Debtors' possession.

5. According to the Debtors' online platform, many of Movants' Vehicles are not

currently being rented to the Debtors' customers. Including those Vehicles the Debtors are renting to their customers and those they are not, the Debtors possess approximately 855 of the Movants' Vehicles. (Ex A).[2]

6. The Debtors are in default under their agreements with Movants.[3] For example, the Debtors' agreement with Movants requires the Debtors to repair and maintain the Vehicles and indemnify Movants, which the Debtors have not done. (Ex. B at, e.g., p. 2 ¶¶ 6F, 7).

7. Movants seek to take possession of the Vehicles so they can sell the same and repay the financing Movants incurred to purchase the Vehicles. Some of the Vehicles are idle and producing revenue for no one, but Movants are forced to continue servicing the debt for the idle Vehicles while they languish. Granting Movants relief from stay will enable Movants to mitigate the finance expenses they are incurring on behalf of assets that the Debtors are not using and retrieve Vehicles being repaired (or held by repair shops for lack of payment).

8. Concerning the Vehicles the Debtors are renting to their customers, the Debtors have not made (or offered) adequate protection payments of any kind to the Movants. Meanwhile, the Vehicles, whether idle or running, lose value as they languish or are used.

9. Prior to the commencement of this bankruptcy proceeding, the Debtors permitted Movants to remove idle vehicles from the Debtors' platform in the ordinary course of business. Though Movants would like to continue this practice, out of an abundance of caution, Movants

---

[2] There are additional Vehicles absent from Exhibit A owned by Kerman Vehicles Oregon, LLC. Movants will supplement Exhibit A upon receipt of the full list of vehicles owned by Kerman Vehicles Oregon, LLC.

[3] One Movant, Kerman Vehicles, LLC, owns vehicles for which Movants are seeking relief from stay but contracted with the Debtors through its management company, Kerman Management, LLC, who joins in this Motion to the extent necessary.

seek an order from this Court granting them relief from stay and permitting them to repossess and sell the idle Vehicles *nunc pro tunc* to the Petition Date. In addition, because the Movants' other Vehicles are also losing value as they are used but Movants are not receiving revenue to repay their own lenders or adequate protection, Movants also seek to repossess the remaining Vehicles and sell them to repay their lenders.

10.     Finally, many of Movants' Vehicles are subject to insurance claims for damages and, on information and belief, some such claims have been paid to the Debtors. Movants submit that the proceeds from these insurance claims attributable to the Vehicles are not property of the estate and do not belong to the Debtors, but rather to Movants. Accordingly, Movants also seek relief from stay to obtain these proceeds and information related to insurance claims concerning the Vehicles.

### **Requested Relief**

11.     Movants seek an order granting them relief from the automatic stay and permitting them to take possession of the Vehicles listed on Exhibit A and the other Vehicles they own, wherever such vehicles may be, and sell the same to mitigate both the ongoing finance expenses Movants incur on a daily basis and the Vehicles' loss in value as they continue to be used. As part of that relief, Movants seek relief to deal directly with and recover from third parties those Vehicles in the possession of third parties, and take all actions reasonably necessary to assert insurance claims, take control of insurance claims the Debtor made, and obtain the proceeds of insurance policies that are paid or claimed concerning Movants' Vehicles.

12.     Movants seek relief from the automatic stay under Section 362(d), which provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> > (A) the debtor does not have an equity in such property; and
> >
> > (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d).

13. In this case, the Court can grant Movants relief from stay under either or both prongs of Section 362(d).

## Basis for Relief Requested

**Cause exists under Section 362(d)(1)**

14. "Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re Trib. Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr.D.Del.2007)). Cause for relief from stay under Section 362(d)(1) exists here because many of the Vehicles are languishing in need of repair, damaged beyond usefulness to the Debtors, or held for payment by mechanics. While those Vehicles remain idle, they serve no useful purpose for the Debtors, who are obligated to continue tracking and maintaining the vehicles. At the same time, Movants must continue paying the debt associated with purchasing those vehicles. Cause exists under Section 362(d)(1) because Movants are spending money needlessly on idle assets that do not benefit the Debtors as expenses continue to

accrue. Providing relief from stay will enable Movants to mitigate their expenses concerning the idle Vehicles, and permitting Movants to deal directly with mechanics holding such Vehicles will minimize any burden on the Debtors beyond providing information.

15. Cause also exists concerning the Vehicles the Debtors are renting to third parties because the Debtors have made no adequate protection to Movants. Unlike real property, Movants' Vehicles are necessarily declining in value as they age and as the Debtors' customers drive them additional miles. The nature of the Debtors' business involves heavy usage of the active Vehicles, exacerbating the decline in value. As with the idle Vehicles on the Debtors' platform, these operating Vehicles are generating no revenue for the Movants[4], who in many cases must also service debt associated with providing the Vehicles to the Debtors. Because many of the Movants' Vehicles are being left idle by the Debtors, the active Vehicles are declining in value while the Debtors provide no adequate protection, and the Movants are being forced to service their own debt concerning the Vehicles without receiving any revenue, cause exists under Section 362(d)(1), and the Court should grant relief from stay.

**The Court can grant relief under Section 362(d)(2) because the Debtors have not equity in the Vehicles, and they are not necessary for an effective reorganization.**

16. The Court should also grant relief from the automatic stay under Section 362(d)(2) because (A) the Debtors do not own the Vehicles, and therefore have no equity in them, and (B) because the Vehicles are useless for the Debtors' reorganization, as they Debtors cannot transfer Vehicles they do not own. The Debtors' only rights to Movants' Vehicles come from the Debtors' agreement with the Movants, and the Debtors have not performed under the agreements. If the

---

[4] Movants reserve all rights to seek payment of administrative expense claims under 11 U.S.C. section 503(b).

Debtors were to assume those agreements, Section 365 would require them to cure the past-due payments, which they cannot do. 11 U.S.C. § 365(b)(1). As the Court noted at the hearing concerning bidding procedures on November 19, 2024, it is a virtual certainty that the Debtors will reject their executory agreements with vehicle owners such as Movants[5].

17.     Because the Debtors do not have any equity in the Vehicles, and the Vehicles are not necessary for an effective reorganization, the Court should grant relief from the automatic stay under Section 362(d)(2) in addition to Section 362(d)(1).  Moreover, as will be set forth in more detail in Movant's objection to the Debtors' proposed sale, the Debtors cannot transfer the Vehicles to a third party unless they assume the underlying contracts with Movants and cure all defaults. The Debtors cannot assign any customer contracts relating to the Vehicles without curing and assuming the contracts with Movants as the contracts with Movants and the contracts with the customers relating to the same Vehicles are intertwined and economically interdependent.  Finally, the Debtors cannot reject Movants contracts without Movants' consent unless they return the Vehicles to Movants[6].

**The Court should require the Debtors to cooperate with the repossession of Movants' Vehicles because the Debtor alone possesses all the information necessary to do so.**

18.     The Vehicles are not collected in one location; they are distributed throughout the country. See Ex. A. The Debtors track all the vehicles on the Debtors' platform and possess information about their whereabouts, including the whereabouts of those vehicles being held by repair shops. The Debtors have provided some information to Movants concerning the general

---

[5] As set forth below, Movants do not believe their agreements can be rejected until the Vehicles are returned.
[6] Movants reserve all rights to add or omit any arguments in their objection to the Debtors' proposed sale.

location and status of the Vehicles, but in many cases Movants still lack knowledge concerning the exact location and status of particular Vehicle reservations. For these reasons, Movants respectfully request that, in connection with relief from stay, the Court use its authority under 11 U.S.C. § 105(a) to require the Debtors to (i) to provide Movants with information about the location of the Vehicles, (ii) permit Movants to deal directly with and recover from repair shops and others those Vehicles in the possession of third parties, and (iii) otherwise cooperate with Movants concerning the recovery of the Vehicles. Doing so is reasonable and necessary here given the asymmetry of available information and the ease with which the Debtor can provide complete information.

19. In addition, the Debtors alone possess information concerning insurance claims and insurance payments concerning the Vehicles. Movants request that the Court require the Debtors to provide such information as Movants reasonably request to determine the status of pending insurance claims and the location of any proceeds from the same. Movants further request relief from the automatic stay to take over any pending insurance claims and to have any proceeds from such claims directed to Movants.

**WHEREFORE**, Movants respectfully request that the Court enter an order granting Movants relief from stay as described here, requiring the Debtors to provide information and assistance as described herein, and for such other and further relief as this Court deems just and proper.

Date: December 4, 2024
      Wilmington, DE 19801

    ESBROOK P.C.
    */s/ Scott J. Leonhardt*
    Scott J. Leonhardt (DE 4885)
    1000 N. West Street
    Suite 1200
    Wilmington, DE 19801
    302-650-7540
    scott.leonhardt@esbrook.com

    -and-

    ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.
    Patrick D. Vellone, Esq. (*pro hac vice*)
    Brenton Gragg, Esq. (*pro hac vice*)
    1600 Stout St., Suite 1900
    Denver, Colorado 80202
    (303) 534-4499
    PVellone@allen-vellone.com
    BGragg@allen-vellone.com

    *Counsel for Movants*