IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CLAIRE'S HOLDINGS, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11454 (BLS)<br>(Jointly Administered)<br><br>Obj. Deadline: Aug. 29, 2025 at 4:00 p.m. (ET)<br>Re: Docket No. 209 |

**LIMITED OBJECTION OF LANDLORDS PLAZA LAS AMERICAS, INC. AND PLAZA DEL CARIBE, S.E. TO NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES**

Plaza las Americas, Inc. and Plaza del Caribe, S.E. (collectively, the "Landlords"), by and through their undersigned counsel, file this limited objection (the "Objection") to Debtors' *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases* [D.I. 209] (the "Cure Notice"). In support of the Objection, Landlords respectfully state as follows:

**BACKGROUND**

1. Landlords are the owners of shopping centers commonly referred to as Plaza las Americas and Plaza del Caribe, located in Hato Rey and Ponce, Puerto Rico, in which the Debtor, Claire's Puerto Rico Corp., leases and operates retail stores pursuant to unexpired nonresidential real property leases identified by the Debtors as Store Lease Nos. 6098 and 6179 (together with all amendments and modifications, the "Lease," and collectively, the "Leases").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192. (6412). The Debtors' address for purposes of service in these Chapter 11 Cases is 110 East 9th Street, Suite A500, Los Angeles, CA 90079.

2. The Leases are leases "of real property in a shopping center" as that term is used in section 365(b)(3). *See In re Joshua Slocum Ltd*, 922 F.2d 1081 (3d. Cir. 1990).

3. On August 26, 2025 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On August 20, 2025, the Debtors filed the Cure Notice, which sets forth the Debtors' proposed cure amounts for the Leases identified as: (a) Store Lease No. 6098 at Plaza del Caribe S.E. as $20,636; and (b) Store Lease No. 6179 at Plaza las Americas, Inc. as $43,865 (the "Proposed Cure Amounts").

**LIMITED OBJECTION**

6. Except as otherwise provided herein, Landlords have no objection to the Proposed Cure Amounts *as of August 31, 2025*. Landlords, however, object to the extent the Proposed Cure Amounts do not take into account the passage of time between September 1, 2025 and the effective date of any assumption (or assumption and assignment) of the Leases. Accordingly, any order that is entered establishing cure amounts with respect to the Leases must require that the Debtors or Debtors' assignee (i) comply with all obligations under the Leases pursuant to 11 U.S.C. § 365(d)(3) pending the actual effective date of the assumption of the Leases; and (ii) cure any additional defaults that may accrue or occur under the Leases between the date of this

Objection and the effective date of any assumption (or assumption and assignment) by the Debtors. *See* 11 U.S.C. § 365(b)(1).

7. Pursuant to the Leases, the Debtors are obligated to pay regular monthly installments of fixed base rent, additional rent, and other charges due under the Leases.[2] Prior to assumption of the Leases, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Leases and compensate the Landlords for any actual pecuniary loss, including the payment of related attorneys' fees due under the Leases. *See* 11 U.S.C. §365(b)(1)(B). Attorneys' fees due under the Leases are compensable. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re Crown Books Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). As part of the Landlords' pecuniary losses, the Landlords are entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Leases.

8. To the extent that rent, additional rent, attorneys' fees, and/or other charges continue to accrue, and/or the Landlords suffer other pecuniary losses with respect to the Leases, the Landlords hereby reserve the right to amend this Objection to seek such additional amounts, including to account for year-end adjustments, including, without limitation, any amounts which have not yet been billed or have not yet become due under the terms of the Leases.

---

[2] Copies of the Leases are available upon request.

9. Landlords further object to the assumption of the Leases to the extent that the ultimate approved cure amounts do not include amounts that may come due under the Leases after the Leases are assumed, but which may relate to the pre-assumption period, including but not limited to real estate taxes and reconciliations.  Any order establishing cure amounts in connection with the assumption of the Leases must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Leases, notwithstanding the ultimate approved cure amounts.

10. Landlords further object in that the Leases provide that the Debtors must indemnify and hold Landlords harmless with respect to any existing claims that may not become known until after the assumption of the Leases, including but not limited to personal injury claims or damage to the Leased premises caused by the Debtors or their agents.  Any order approving the assumption of the Leases must therefore provide that the assumption is pursuant to the terms of the Leases, and that the Debtors will continue to be responsible for all such indemnification obligations, regardless of when they arose.

11. Landlords further object to any proposed cure process that would withhold payment of undisputed cure amounts beyond the assumption date.  In the event of a cure dispute that extends beyond the date of assumption of the Leases, the undisputed portion of the cure amount must be paid upon assumption, and a reserve must be established for the disputed portion of any cure amount, if any.

12. Accordingly, any order that is entered establishing a cure amount with respect to the Leases must require that the Debtors (i) comply with all obligations under the Leases pursuant to 11 U.S.C. § 365(d)(3) pending the actual assumption of the Leases; and (ii) cure any additional defaults that may occur or accrue under the Leases

between the date of this Objection and the effective date of any assumption (or assumption and assignment) by the Debtors.  *See* 11 U.S.C. § 365(b)(1).

## ARGUMENT

13.    Section 365 of the Bankruptcy Code obligates the Debtors to promptly cure all existing defaults before assuming any unexpired lease of non-residential real property. *See* 11 U.S.C. § 365(b)(1)(A) & (B); *Agri Star Meat & Poultry, LLC v. Nevel Props. Corp. (In re Nevel Props. Corp.)*, 765 F.3d 846, 849 (8th Cir. 2014) (stating that a lease cannot be assumed unless a cure has been effected); *In re Alipat, Inc.*, 36 B.R. 274, 276 (Bankr. E.D. Mo. 1984) ("[I]f there has been a default in an executory contract or unexpired lease, the trustee may not assume such contract or lease unless he or she cures the default, compensates the other party, and provides adequate assurance of future performance. . ."). The Debtors are therefore required to promptly cure all existing defaults by paying Landlords the actual cure amounts immediately due upon the assumption of the Leases.

14.    Prior to the Leases actually being assumed, all other amounts that will become due and owing under the Leases, including attorneys' fees also need to be cured to the extent such amounts remain unpaid.

## RESERVATION OF RIGHTS AND JOINDER

15.    Landlords reserve the right to assert any and all other claims against the Debtors arising out of or related to the Leases, including without limitation, claims for (a) the costs of any repair that may be necessary after inspection of the interior of the Leased Premises; (b) post-petition rent and other charges accruing under the Leases hereafter that Landlords have yet to discover and not yet identified; (c) pecuniary losses

suffered by Landlords as a result of any defaults by Debtors under the Leases, including, but not limited to, attorneys' fees and costs incurred as a direct result of any further defaults; and (d) non-monetary defaults of which Landlords do not have knowledge at this time. Landlords reserve all rights to object to any proposed assignee of the Leases on any basis, to the extent the Debtors seek to assign the Leases, as well as any other rights they now have or may have under applicable law with respect to this matter including but not limited to any rights under section 365 of the Bankruptcy Code. To the extent not inconsistent herewith, Landlords hereby join in the objections raised by the other Landlords in this bankruptcy.

## CONCLUSION

**WHEREFORE**, Landlords, Plaza las Americas, Inc. and Plaza del Caribe, S.E., by and through undersigned counsel, respectfully request the Court sustain this limited Objection to the potential assumption (or assumption and assignment) and cure amounts proposed in the Cure Notice, and for such other relief as the Court deems proper and just.

Dated: August 29, 2025  
Wilmington, Delaware

Respectfully submitted,

/s/ *Laurel D. Roglen*  
Leslie C. Heilman (DE No. 4716)  
Laurel D. Roglen (DE No. 5759)  
Ballard Spahr LLP  
919 N. Market Street, 11th Floor  
Wilmington, DE 19801  
Telephone: (302) 252-4465  
Facsimile: (302) 252-4466  
Email: heilmanl@ballardspahr.com  
           roglenl@ballardspahr.com

*-and-*

Joaquin J. Alemany, Esq.
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 789-7763
Facsimile:  (305) 789-7799
Email: joaquin.alemany@hklaw.com

*Counsel to Plaza las Americas, Inc. and Plaza del Caribe, S.E.*