## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CLAIRE'S HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11454 (BLS)<br><br>Jointly Administered<br><br>**Related to Docket No. 209**<br><br>**Obj. Deadline: 8/29/25 by 4:00 p.m. (ET)** |

### OBJECTION OF AZALEA SHOPPING CENTER, LLC AND PT-USRIF MERIDIAN, LLC TO DEBTORS' NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES

Azalea Shopping Center, LLC ("ASC") and PT-USRIF Meridian, LLC ("PT-USRIF"; together with ASC, collectively hereinafter referred to as the "Landlords"), by and through their undersigned counsel, hereby file this objection (the "Objection") to the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases* (Docket No. 209) (the "Assumption Notice") filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), and in support thereof, respectfully represents as follows:

### BACKGROUND

1. On August 6, 2025 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

2. Prior to the Petition Date, ASC and Debtors entered into a non-residential real property lease (the "Summerville Lease"), pursuant to which the Debtors lease from ASC certain property located at 214 Azalea Square Boulevard, Suite #464B, Summerville, South Carolina 29483 (the "Summerville Premises"), at which the Debtors operate a Claire's store. Additionally, prior to the Petition Date, PT-USRIF and Debtors entered into a non-residential real property lease (the "Meridian Lease"; together with the Summerville Lease, collectively hereinafter referred to as the "Leases"), pursuant to which the Debtors lease from PT-USRIF certain property located at 1400 N. Eagle Road, Suite #39, Meridian, Idaho 83642 (the "Meridian Premises; together with the Summerville Premises, collectively hereinafter referred to as the "Premises").  Each of the Leases is a lease "of real property in a shopping center" as that term is used in section 365(b)(3) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

3. Upon information and belief, the Debtors are currently attempting to sell their going concern assets to an entity named AWS Claire's, LLC (the "Purchaser").  In connection therewith, on or about August 20, 2025, the Debtors filed the Assumption Notice and the Motion of Debtors for Entry of an Order (i) Authorizing and Approving the Sale of Going-Concern Assets Free and Clear of all Liens, Claims, Encumbrances and Other Interests and (ii) Granting Related Relief (Docket No. 190) (the "Sale Motion").  The Assumption Notice and the Sale Motion state that the Debtors may seek to assume and assign the Leases to the Purchaser in connection with the Debtors' sale of assets to Purchaser.  The Assumption Notice states that the cure amount to cure all defaults under the Summerville Lease is $11,758.00, and that the cure amount to cure all defaults under the Meridian Lease is $8,917.00 (collectively, the "Proposed Cure Amounts").

**OBJECTIONS AND BASIS THEREFOR**

4. The Proposed Cure Amounts are incorrect according to Landlords' books and records. As of the date hereof, the Landlords' records reflect that as of the date hereof (not including September charges that are due on September 1, 2025), the Debtors owe ASC $11,757.90 under the Summerville Lease and the Debtors owe PT-USRIF $9,027.13 under the Merdian Lease.

5. In addition, it is impossible to state with certainty now as to what the ultimate cure amounts will be regarding the assumption and assignment of the Leases since it is not yet clear when the assumption and assignment of the Leases may occur. Additionally, under the Leases, Landlords are entitled to certain interest rates on unpaid amounts, as well as certain attorneys' fees and costs. These amounts are currently unliquidated because as of the date hereof, Landlords cannot be certain as to when the actual effective date for the assumption and assignment of the Leases may occur. The actual cure amount for the Leases should include the $11,757.90 and $9,027.13 identified above, as well as all of the interest and attorneys' fees and costs to which Landlords are entitled under the Leases, through the actual effective date of assumption and assignment of the Leases (the "Actual Cure Amounts").

6. Further, any order that approves the assumption and assignment of the Leases must provide for the payment by the Purchaser of all charges due and/or accrued in the ordinary course under the terms of the Leases subsequent to the assumption and assignment whether or not they may relate to a pre-assumption period. In addition, the Leases provide that the Debtors must indemnify and hold Landlords harmless with respect to any existing claims that may not become known until after assumption and assignment of the Leases (i.e., personal injury claims, damage to the Premises or shopping center caused by Debtors or their agents). Any order that approves the assumption and assignment of the Leases must provide that the assumption and assignment of

the Leases is pursuant to the terms of the Leases and that the Purchaser will continue to be responsible for all such indemnification obligations as and when they come due and regardless of whether they may have arisen prior to the assumption/assignment of the Leases.

7. Finally, prior to any assumption or assignment of unexpired leases in a bankruptcy case, a debtor must provide adequate assurance that the debtor will promptly cure all defaults under such leases, and that the proposed assignee will be able to perform in the future under such leases. *See generally* 11 U.S.C. §§ 365(b) and (f). In this case, in order to satisfy section 365(b) of the Bankruptcy Code, the cure amount for the Leases must be set in the Actual Cure Amounts. In addition, the Debtors have not provided Landlords yet with the terms regarding a proposed assumption and assignment of the Leases, nor any information (financial or otherwise) regarding the Purchaser or its ability to perform in the future under the Leases, contrary to the requirements of section 365(f) of the Bankruptcy Code. Accordingly, until the Debtors can accomplish all of the foregoing things, they have not met their burden under section 365 of the Bankruptcy Code. Landlords hereby preserve all rights it has to subsequently object to the terms of any proposed assumption and assignment of the Leases and to the Purchaser's ability to provide the required adequate assurance of future performance under the Leases.

5

WHEREFORE, for all of the foregoing reasons, Landlords respectfully requests that any order entered by the Court regarding the assumption and assignment of the Leases set a cure amount in the Actual Cure Amounts and be consistent with the relief requested herein, and that the Court grant Landlords such other and further relief as is just and proper.

Dated: August 29, 2025

**CONNOLLY GALLAGHER LLP**

*/s/ Karen C. Bifferato*
Karen C. Bifferato (#3279)
1201 N. Market Street, 20th Floor
Wilmington, DE  19801
Telephone: (302) 757-7300
Email: kbifferato@connollygallagher.com

*Attorneys for Landlords*