**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (BLS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Hearing Date: September 22, 2025, at 10:00 a.m. (ET)** |
| | ) | **Obj. Deadline: September 15, 2025, at 4:00 p.m. (ET)** |

**SECOND OMNIBUS MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS, (II) AUTHORIZING THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, EACH EFFECTIVE AS OF THE REJECTION DATE, AND (III) GRANTING RELATED RELIEF**

**PARTIES RECEIVING THIS OMNIBUS REJECTION MOTION SHOULD LOCATE THEIR NAMES AND AGREEMENTS IN THE SCHEDULE ATTACHED AS EXHIBIT 1 TO EXHIBIT A TO THIS MOTION**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Chris Cramer, Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of Claire's Holdings LLC and Certain of its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "First Day Declaration"). Capitalized terms used but not defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing the rejection of (i) certain unexpired leases (each, a "Lease," and collectively, the "Leases") for nonresidential real property located at the premises (collectively, the "Premises") set forth on Exhibit 1 to the Order and (ii) that certain executory contract (the "Contract," and collectively with the Leases, the "Agreements") set forth on Exhibit 1 to the Order, each effective as of the corresponding date set forth on Exhibit 1 to the Order or such other date as may be fixed pursuant to the Order (the "Rejection Date"), (b) authorizing the abandonment of certain goods, equipment, fixtures, furniture, or other personal property (the "Personal Property") that may be located at the Premises, each effective as of the Rejection Date, and (c) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"),

rules 2002, 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(m).

**Background**

5. On August 6, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 7, 2025, the Court entered an order [Docket No. 79] authorizing the procedural consolidation and the joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. On August 15, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 154], as subsequently amended on August 21, 2025 [Docket No. 216] (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

**Leases to Be Rejected**

6. The Debtors commenced these chapter 11 cases on a dual track path: initiating store closing sales (the "Store Closing Sales") at all stores while pursuing a going-concern transaction. On August 16, 2025, the Debtors ceased liquidations approximately 836 stores.[3] At this time, the Debtors are only carrying out store closing sales at approximately 580 stores (the "Closing Stores"). As of the date hereof, the Debtors have completed Store Closing Sales at approximately 206 of their retail locations. As such, the Debtors no longer have use for these Leases and have determined that their efforts to maximize the value of their estates would best be

[3] *See Notice of Filing Revised Lists of Closing Stores and Non-Closing Stores* [Docket No. 240], filed on August 25, 2025.

served by rejecting the Leases listed on Exhibit 1 to the Order. Absent rejection, the Debtors would be obligated to pay rent under the Leases even though they closed and exited the stores as of the applicable Rejection Date. In addition to their obligations to pay rent under the Leases, the Debtors may also be obligated to pay certain real property taxes, utilities, insurance, and other related charges associated with certain of the Leases. Given these costs, it does not make sense to maintain these Leases since the Debtors are no longer operating at these locations. Accordingly, by this motion, the Debtors seek to reject the Leases effective as of the Rejection Date.

**Personal Property to Be Abandoned**

7. Additionally, the Debtors evaluated the Personal Property that may be located at the Premises and determined that (a) the Personal Property is of inconsequential value or (b) the cost of removing and storing the Personal Property for future use, marketing, or sale exceeds its value to the Debtors' estates, especially if postpetition rent with respect to such location would need to be paid. Further, the Debtors' use of certain Personal Property was for location-specific purposes. Since the Debtors have ceased operations at the Premises, the Personal Property is no longer necessary for the administration of the Debtors' estates.

8. Accordingly, to reduce postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors' abandonment of the Personal Property is appropriate and in the best interests of the Debtors, their estates, and their creditors.

**Contract to Be Rejected**

9. After carefully examining their contract portfolio, the Debtors determined in their business judgment that the costs incurred under the Contract constitutes an unnecessary drain on the Debtor's limited resources and that their restructuring efforts would be best served by rejecting the Contract listed on Exhibit 1 to the Order. The Contract to be rejected is for a mobile application service that the Debtors no longer use or need. The Contract provides no benefit to the Debtors

estates or these chapter 11 cases and absent rejection, the Debtors may be obligated to pay charges under the Contract despite not utilizing the services on a postpetition basis. The Debtors have determined in their business judgement that such charges constitute a wasteful drain of estate assets. The Debtors similarly determined that the carrying costs of the Contract exceed any marginal benefit that potentially could be achieved from assignment thereof. Accordingly, by this motion, the Debtors seek to reject the Contract effective as of the Rejection Date.

## Basis for Relief

### I. Rejection of the Agreements Effective as of the Rejection Date Is Appropriate and Provides the Debtors with Significant Cost Savings.

10. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The decision to reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. *See In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *In re Extraction Oil & Gas*, 622 B.R. 608, 614 (Bankr. D. Del. 2020) (noting that courts generally will authorize a debtor to reject executory contracts and unexpired leases when such debtor appropriately exercises its business judgment). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of "bad faith, or whim, or caprice." *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986).

11. Courts generally will not second-guess a debtor's business judgment concerning the rejection of an executory contract or unexpired lease. Further, the business judgment standard is satisfied when a debtor determines that rejection will benefit the estate. *See Mission Prod.*

*Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 373–74 (2019) (noting that under the deferential business judgment rule, the bankruptcy court will approve the debtor's decision to reject any contract that is not beneficial to the estate); *In re Trans World Airlines, Inc*., No. 01-0056, 2001 Bankr. LEXIS 722, at *7–8 (Bankr. D. Del. Mar. 16, 2001) (noting that the standard under section 365 requires consideration of the benefit of the rejection to the debtor's estate).

12. The Agreements to be rejected are not a source of potential value for the Debtors' estates or their stakeholders. The Agreements are no longer being used by the Debtors or will not be used as of the Rejection Date and provide no benefit to the Debtors' estates or these chapter 11 cases. The Debtors determined in their business judgment that continued payments in respect of the Agreements would unnecessarily drain estate assets and that the carrying costs of the Agreements exceed any marginal benefits that potentially could be achieved from assignment thereof. The Debtors' determination to reject the Agreements effective as of the Rejection Date reflects an exercise of sound business judgment and should be approved.

## II. The Abandonment of Personal Property Is Appropriate.

13. Further, the abandonment of the Personal Property is appropriate and authorized by the Bankruptcy Code. *See* 11 U.S.C. § 554(a). Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." *Id.* Courts generally give a debtor in possession great deference to its decision to abandon property. *See In re Syntax-Brillian Corp.*, No. 08-11407, 2018 WL 3491758, at *15 (Bankr. D. Del. July 18, 2018) ("The Trustee's power to abandon property is discretionary and the Court will generally defer to the Trustee's judgment in determining whether to abandon a property." (internal quotation omitted) (citation omitted)); *see also In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003), *aff'd*, 112 F. App'x 868 (3d Cir. 2004) ("The trustee's power to abandon property is discretionary."). Unless certain property is

harmful to the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment. *In re Unidigital, Inc.*, 262 B.R. 283, 286 (Bankr. D. Del. 2001) (recognizing the only exception to abandonment is where there is an imminent and identifiable harm to the public health or safety).

14. The Debtors determined that the cost of moving and storing the Personal Property would outweigh any benefit to the Debtors' estates. Further, any efforts by the Debtors to move or market the Personal Property could unnecessarily delay the Debtors' surrender of the Premises and the rejection of the Leases, thus potentially adding postpetition rent to the cost-benefit calculation. Accordingly, it is in the best interests of the Debtors and their estates for the Debtors to abandon the Personal Property located on the Premises.

15. Courts in this jurisdiction have approved relief similar to the relief requested herein. *See, e.g.*, *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 18, 2025) (authorizing the debtors to abandon personal property that may be located at the debtors' leased premises subject to a rejected lease); *In re Liberated Brands LLC*, No. 25-10168 (JKS) (Bankr. D. Del. Mar. 3, 2025) (same); *In re SunPower Corp.*, No. 24-11649 (CTG) (Bankr. D. Del. Aug. 28, 2024) (same); *In re Sientra, Inc.*, No. 24-10245 (JTD) (Bankr. D. Del. Mar. 11, 2024) (same); *In re MVK FarmCo LLC,* No. 23-11721 (LSS) (Bankr. D. Del. Jan. 25, 2024) (same).[4]

**III. This Court Should Deem the Agreements Rejected Effective as of the Rejection Date.**

16. Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of leases to apply retroactively").

17. Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief. *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) (stating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Amicus Wind Down Corp.*, No. 11-13167, 2012 WL 604143, at *2 (Bankr. D. Del. Feb. 24, 2012) (holding that the appropriate date for retroactive rejection is the date the debtors surrender possession of the premises to the landlord); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of section 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp.*, No. 02 Civ. 6419, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection falls outside of its authority when the balance of the equities favors this solution."); *see also In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease").

18. Here, the balance of equities favors rejection of the Agreements effective as of the Rejection Date. Without such relief, the Debtors potentially will incur unnecessary administrative expenses related to the Agreements, which provide no benefit to the Debtors' estates.

*See* 11 U.S.C. § 365(d)(3) ("The trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected."). With respect to the Leases, the Debtors have surrendered the Premises (whether by returning the keys to the Premises or otherwise relinquishing possession of the Premises) to the applicable landlords prior to the Rejection Date. Similarly, the Debtors have ceased utilizing the Contract and have provided the counterparty with a statement that they will no longer be utilizing the Contract prior to the filing of this motion. Moreover, the counterparties to the Agreements will not be unduly prejudiced if the rejection is deemed effective as of the Rejection Date. Contemporaneously with the filing of this motion the Debtors will cause notice of this motion to be served on the applicable landlords and contract counterparty, thereby allowing each party an opportunity to respond accordingly. The Debtors are seeking the relief requested as early as possible in these chapter 11 cases after thoroughly reviewing all the Leases and Contracts and do not seek to reject the Agreements effective as of the Rejection Date due to any undue delay on their own part.

19. Courts in this jurisdiction have approved relief similar to that requested herein. *See, e.g.*, *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 18, 2025) (authorizing rejection of unexpired leases and abandonment of personal property effective as of the petition date); *In re Liberated Brands LLC*, No. 25-10168 (JKS) (Bankr. D. Del. Mar. 3, 2025) (authorizing rejection of unexpired leases and abandonment of personal property effective as of the retroactive rejection date); *In re SunPower Corp.*, No. 24-11649 (CTG) (Bankr. D. Del. Aug. 28, 2024) (authorizing the rejection of executory contracts and unexpired leases and the abandonment of personal property as of the petition date); *In re Sientra, Inc.*, No. 24-10245 (JTD) (Bankr. D. Del. Mar. 11, 2024) (authorizing the rejection of unexpired leases and abandonment of personal

property effective as of the retroactive rejecting date); *In re MVK FarmCo LLC,* No. 23-11721 (LSS) (Bankr. D. Del. Jan. 25, 2024) (authorizing the rejection of executory contracts and unexpired leases and the abandonment of personal property as of the retroactive rejection date).

**The Requirements of Bankruptcy Rule 6006(f) Are Satisfied.**

20. Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not between the same parties. Bankruptcy Rule 6006(f) states, in part, that such motion shall:

a. state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

b. list parties alphabetically and identify the corresponding contract or lease;

c. specify the terms, including the curing of defaults, for each requested assumption or assignment;

d. specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

e. be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

f. be limited to no more than 100 executory contracts or unexpired leases.

21. The Debtors have satisfied the requirements of Bankruptcy Rule 6006(f)(1)-(5) but exceed the numerosity requirement of Bankruptcy Rule 6006(f)(6). The motion seeks to reject 207 Agreements. The Debtors submit that a waiver of the numerosity requirement of Bankruptcy Rule 6006(f)(6) is appropriate and justified in this case. ***First***, as described herein, the Debtors no longer need the Agreements and must immediately reject all Agreements effective as of the applicable Rejection Date to prevent any potential accrual of administrative claims. To the extent a waiver is not provided, the Debtors would needlessly expend further resources simply to prepare and file additional duplicative omnibus rejection motions. ***Second***, where possible, the Debtors

have previously communicated their intent to reject the Agreements with the counterparties in advance of filing this motion, including making property available for retrieval by the counterparties. Finally, the Debtors will immediately provide notice to all counterparties of the proposed rejection upon the scheduling of a hearing and will work with such counterparties to resolve any objections prior to the hearing. The Debtors do not anticipate any prejudice to counterparties to the Agreements merely because the number of Agreements rejected exceeds 100.

**Reservation of Rights**

22. Notwithstanding anything to the contrary herein, nothing contained in this motion or any actions taken pursuant to any order granting the relief requested in this motion, and no action taken by the Debtors pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code (except for the Agreements set forth on Exhibit 1 to the Order); (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease,

program, or policy under section 365 of the Bankruptcy Code (except for the Agreements set forth on Exhibit 1 to the Order); (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease (except for the Agreements set forth on Exhibit 1 to the Order).

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

23. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**Notice**

24. The Debtors will provide notice of this motion to the following parties or their respective counsel, as applicable: (a) The U.S. Trustee; (b) the Committee; (c) the Priority Term Loan Agent; (d) the Existing Term Loan Agent; (e) the Agent under the ABL Facility; (f) the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; (i) the counterparties to the Agreements; (j) any non-Debtor party with an interest in the Personal Property, and (k) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

25. No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: August 29, 2025
Wilmington, Delaware

*/s/ Colin A. Meehan*

**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: defranceschi@rlf.com
heath@rlf.com
shapiro@rlf.com
carlisle@rlf.com
meehan@rlf.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: joshua.sussberg@kirkland.com
allyson.smith@kirkland.com

- and -

Alexandra F. Schwarzman, P.C. (admitted *pro hac vice*)
Robert A. Jacobson (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: alexandra.schwarzman@kirkland.com
rob.jacobson@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*