**Exhibit B**

**Transier Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CLAIRE'S HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 25-11454 (BLS)<br>)<br>) (Jointly Administered)<br>) |

**DECLARATION OF WILLIAM TRANSIER IN SUPPORT OF DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF KATTEN MUCHIN ROSENMAN LLP AS COUNSEL TO THE
DEBTORS AT THE SOLE DIRECTION OF THE INDEPENDENT MANAGERS
EFFECTIVE AS OF THE PETITION DATE**

I, William Transier, being duly sworn, state the following under penalty of perjury:

1. I am an independent manager and a member of the Special Committee[2] of the Debtors'[3] Board. I am over the age of 18 years and am competent to make this declaration (the "Declaration").

2. I submit this Declaration in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Katten Muchin Rosenman LLP as Counsel to the Debtors at the Sole Direction of the Independent Managers Effective as of the Petition Date*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Claires. The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

[3] As used herein, "Debtors" refers to the following debtor entities in the above-captioned chapter 11 cases: Claires; Claire's Stores, Inc, Claire's Puerto Rico Corp, CBI Distributing Corp, Claire's Boutiques, Inc., Claire's Canada Corp., BMS Distributing Corp., CSI Canada LLC, CLSIP Holdings LLC, CLSIP LLC, Claire's Swiss Holdings LLC, and Claire's Swiss Holdings II LLC.

(the "Application") in connection with the above-referenced Chapter 11 Cases. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3. This Declaration is also submitted pursuant to Section D.2 of Appendix B of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013 (the "Revised UST Guidelines"), promulgated by the Office of the United States Trustee (the "U.S. Trustee").

4. I am informed by Katten that the Revised UST Guidelines require that any application for employment of an attorney under section 327 or 1103 of the Bankruptcy Code be accompanied by a verified statement from the client that addresses the following:

   a. The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs;

   b. The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals;

   c. The number of firms the client interviewed;

   d. If the billing rates are not comparable to the applicant's rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm; and

   e. The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedure for the budgeting, review, and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside general counsel, explain how and why. In addition, describe any efforts to negotiate rates including rates for routing matters, or in the alternative to delegate such matters to less expensive counsel.

**Independent Mangers' Selection of Counsel**

5. Effective as of July 23, 2025, Katten, the Debtors, Mr. Barse, and I executed the Engagement Letter providing for the engagement of Katten to render independent legal services to the Debtors at the sole direction of the Independent Managers. Each in our capacity as Independent Manager, Mr. Barse and I agreed to the retention of Katten as counsel on the terms of the Engagement Letter.

6. By the Application, the Debtors seek authority to retain Katten as counsel to the Debtors to render independent legal services at the sole direction of the Independent Managers. The scope of Katten's engagement is set forth in the Engagement Letter and the Application.

7. I recognize that when selecting legal counsel in complex chapter 11 cases, a comprehensive review process is necessary to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements. The Independent Managers selected Katten as independent counsel based on its prior engagements and expertise representing disinterested directors in complex chapter 11 cases, and in particular the lead attorneys from Katten working on this matter, including Steven J. Reisman and Cindi M. Giglio. In hiring Katten, we relied on the fact that the lead attorneys from Katten working on this matter are widely regarded as market leaders in the representation of independent directors, managers, and advisors and, in recent years, have represented independent directors, managers, and advisors in some of the largest and most complex chapter 11 cases throughout the United States and in additional confidential out-of-court restructuring matters. Accordingly, we were confident that Katten's experience and expertise would be invaluable in helping us to fulfill our duties in this matter. I considered a number of firms given my experience with investigations and interviewed three firms before selecting Katten as independent counsel.

8. Mr. Barse and I have determined that the retention of Katten is in the best interests of the Debtors' estates. Katten possesses complex chapter 11 case experience, substantial experience in representing independent directors and managers and in performing complex legal investigations, local practice before this Court, and knowledge of this Court's local rules and procedures. Since its engagement effective as of July 23, 2025, Katten has been assisting the Independent Managers in connection with fulfilling our duties, including by assisting in conducting the Special Investigation. Katten has already completed work on behalf of the Independent Managers and has become familiar with the Debtors and various aspects of their financial affairs, operations, and history. As such, I believe that Katten is well qualified and uniquely able to provide the specialized legal advice sought by the Independent Managers going forward in an efficient and effective manner.

### Rate Structure

9. I have confirmed with Katten that its hourly billing rates vary from attorney to attorney based on such factors as the attorney's seniority and position with Katten (*e.g.*, partner, associate), years of experience, and the demand for services in the attorney's particular area of expertise. Their hourly billing rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.

10. Katten's rates and material terms of engagement are consistent with rates of comparably skilled professionals in this market. I have approved Katten's proposed hourly rates as set forth in the Application. Katten has informed me that its hourly rates are subject to periodic adjustments on January 1 of each year, and I have consented to such ordinary course rate increases. Katten shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and counsel to the UCC prior to any increases in the rates set forth in the Application. The notice shall explain the

basis for the requested rate increases in accordance with section 330 of the Bankruptcy Code and state whether I have consented to the rate increase.

11. Katten has presented a budget and staffing plan for the period from the Petition Date through November 30, 2025 (the "<u>Budget and Staffing Plan</u>"). Following review and discussion with Katten, I have approved the Budget and Staffing Plan.

## Cost Supervision

12. I have been informed that Katten endeavors to set the hourly rates for its attorneys and paraprofessionals at levels competitive to those charged by its peers. I have confirmed that (a) the Katten attorneys staffed to this engagement will not be charging a premium or in any way increasing their hourly rates over the fees charged to non-bankruptcy clients and (b) the material terms for the engagement are comparable to terms of other comparably skilled professionals.

13. Throughout these Chapter 11 Cases, I will supervise Katten's fees and expenses to manage costs. In particular, I have reviewed Katten's budget and will review Katten's invoices, monthly statements, and interim and final fee applications. I understand that Katten historically increases its hourly billing rates for its professionals and paraprofessionals on a yearly basis. I have consented to such ordinary course rate increases.

14. Based on the foregoing, I, as an Independent Manager, am of the opinion that it is necessary to employ Katten as counsel, and that such employment is in the best interests of the Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 29, 2025

                                              */s/ William L. Transier*
                                              William L. Transier
                                              Independent Manager
                                              Claire's Holdings LLC