**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (BLS) |
| Debtors. | ) | (Jointly Administered) |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF BDO USA, P.C. AS TAX ADVISORY SERVICES PROVIDER TO THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE AS OF AUGUST 6, 2025, (II) APPROVING THE TERMS OF THE SERVICES AGREEMENT, AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this application:[2]

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing the Debtors to employ and retain BDO USA, P.C. ("BDO USA") as their tax services provider, effective as of August 6, 2025, pursuant to the terms and conditions set forth in that certain letter attaching the "Terms and Conditions of the Master

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Chris Cramer, Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of Claire's Holdings LLC and Certain of Its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "First Day Declaration"). Capitalized terms used but not defined in this application shall have the meanings ascribed to them in the First Day Declaration.

Services Agreement" between BDO USA and the Debtors dated July 1, 2025, (the "2025 Terms and Conditions Letter"), a copy of which is attached as Exhibit 1 to **Exhibit A**, that certain letter attaching the "Terms and Conditions of the Master Services Agreement" between BDO USA and the Debtors, dated August 1, 2024 (the "2024 Terms and Conditions Letter"), a copy of which is attached as Exhibit 2 to Exhibit A, that certain letter attaching the "Terms and Conditions of the Master Services Agreement" between BDO USA and the Debtors dated May 1, 2023 (the "2023 Terms and Conditions Letter," and together with the 2025 Terms and Conditions Letter and the 2024 Terms and Conditions Letter, collectively the "Terms and Conditions Letter"), a copy of which is attached as Exhibit 3 to Exhibit A, any Statements of Work by and among the Debtors and BDO USA (the "SOWs," and together with the Terms and Conditions Letter, the "Services Agreement"); (b) approving the terms of the Services Agreement; and (c) granting related relief. In support of this application, the Debtors submit the *Declaration of Kevin Wilkes in Support of the Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of BDO USA, P.C. Tax Accountant to the Debtors and Debtors in Possession, Effective as of August 6, 2025, (II) Approving the Terms of the Services Agreement Letter, and (III) Granting Related Relief*, attached hereto as **Exhibit B** (the "Wilkes Declaration").

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final

order by the Court in connection with this application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1.

**Background**

5. On August 6, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 7, 2025, the Court entered an order [Docket No. 79] authorizing the procedural consolidation and the joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. On August 15, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 154], as subsequently amended on August 21, 2025 [Docket No. 216] (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

**Retention of BDO**

6. BDO USA is a leading full-service accounting, tax, and business advisory firm with offices across the United States. BDO USA has significant experience performing tax services and has performed such services in large and complex chapter 11 cases on behalf of debtors

throughout the United States. Such experience renders BDO USA well-qualified and able to provide services to the Debtors during the pendency of these chapter 11 cases in a cost-effective, efficient, and timely manner.

7. BDO USA provides, and has provided, tax advisory services in numerous large chapter 11 cases, including: *In re CTN Holdings, Inc*., Case No. 25-10603 (TMH) (Bankr. D. Del. May 29, 2025) (authorizing the retention of BDO USA) *In re Prospect Medical Holdings, Inc.*, Case No. 25-80002 (SGJ) (Bankr. N.D. Texas Apr. 30, 2025) (same), *In re CCA Constr., Inc*., Case No. 24-22548 (CMG) (Bankr. D.N.J. Feb.7, 2025) (same), *In re HiQ, Inc*., Case No. 23-11361 (JTD) (Bankr. D. Del., Dec. 9, 2024) (same); *In re Acorda Therapeutics, Inc*., Case No. 24-22284 (DSJ) (Bankr. S.D.N.Y. May 29, 2024) (same), *In re Purdue Pharma, L.P*., Case No 19-23649 (SHL) (Bankr. S.D.N.Y. Apr. 24, 2024) (same), *In re Inmet Mining, LLC*, Case No. 23-70113 (GRS) (Bankr. E.D. Ky. June 6, 2023) (same); and *In re 1 GC Collections*, Case No. 18-19121 (RAM) (Bankr. S.D. Fla. Feb. 25, 2022) (same).[3] BDO USA's services fulfill an important need and are not provided by any of the Debtors' other professionals.

8. In addition, since approximately 2018, BDO has provided certain tax advisory, tax preparation, and accounting advisory services to the Debtors. In providing such prepetition professional services to the Debtors, BDO USA has become familiar with the Debtors and their businesses, including the Debtors' financial affairs, debt structure, operations, and related matters. Having worked with the Debtors' management, BDO USA has developed relevant experience and knowledge regarding the Debtors that will assist it in providing effective and efficient services during these chapter 11 cases. Accordingly, BDO USA is both well-qualified and able to provide

[3] Because of the voluminous nature of the orders cited in this application, they are not attached to this application. Copies of these orders are available upon request to the Debtors' counsel.

the aforementioned services for the Debtors in these chapter 11 cases in an efficient and timely manner.

9. Absent the relief requested herein, the Debtors' ability to, among other things, thoroughly analyze the tax consequences of their restructuring during the pendency of these chapter 11 cases would be diminished. Additionally, finding a replacement for BDO USA with similar experience would be expensive, time consuming, and would delay and disrupt the progress of these chapter 11 cases. Accordingly, BDO USA is both well-qualified and able to advise the Debtors during these chapter 11 cases.

**Scope of Services**[4]

10. Subject to the Court's approval, BDO USA will provide tax advisory services for the Debtors in accordance with the terms and conditions set forth in the Services Agreement.

11. As set forth more fully in the Services Agreement, BDO USA has agreed to perform certain tax advisory, tax preparation, and accounting advisory services for the Debtors in accordance with the terms and conditions set forth therein, as follows: (a) federal and state income tax return preparation; (b) federal and state income tax provision; (c) business property rendition preparation and administrative hearing representation; (d) research and development expense deduction analysis; (e) sales and use tax reports; (f) sale and use tax audit defense (g) sales and use tax return preparation; (h) sales tax refund claim preparation; (i) sales and use tax consulting; and (j) other related tax services requested by the Debtors (collectively, the "Services").

12. BDO USA has advised the Debtors that for tax engagements such as those under the Services Agreement, it is not BDO USA's general practice to keep detailed time records similar

[4] To the extent there are any inconsistencies between the descriptions of services set forth herein and the terms of the Services Agreement, the terms of the Services Agreement shall control.

to those customarily maintained by attorneys or restructuring professionals. Despite this general practice, BDO USA intends to include as an exhibit to its fee applications filed with the Court a description of the services provided as well as time detail regarding the hours, in half-hour (0.5) increments, spent by each professional to support the requested fees.

13. The Services are necessary to enable the Debtors to maximize value for all of the Debtor's creditors. The Debtors believe that the Services would not duplicate the services that other professionals will be providing to the Debtors in connection with these chapter 11 cases. Specifically, BDO USA would carry out unique functions and use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid the unnecessary duplication of services.

**Professional Compensation**

14. BDO USA's standard hourly rates for each level of professional are set forth in the following schedule:

| Resource | Standard Rate |
|---|---|
| Principals/ Managing Director | $725-$1,150 |
| Director | $650-$850 |
| Manager | $550-$750 |
| Seniors | $375-$625 |
| Associates | $175-375 |

15. In addition to the rates described above, the Debtors and BDO USA have agreed that the Debtors shall reimburse BDO USA for actual expenses BDO USA incurs in connection with BDO USA's performance of the Services.

16. The Debtors believe that the compensation structure described above and set forth in the Services Agreement is consistent with the compensation generally charged by tax advisory

service providers similar to BDO USA for comparable engagements, both in and out of bankruptcy. Furthermore, the Debtors believe the compensation structure is consistent with BDO USA's normal and customary billing practices for cases of comparable size and complexity requiring the level and scope of services to be provided in these chapter 11 cases.

17. BDO USA intends to file interim and final fee applications to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable fee guidelines (collectively, the "Fee Guidelines") provided by the U.S. Trustee, and any other applicable procedures and orders of the Court, including any order approving this application and consistent with the proposed compensation set forth in this application and the Services Agreement. BDO USA has agreed to accept as compensation such sums as may be allowed by the Court and understands that interim and final fee awards are subject to approval by the Court.

18. The Debtors request that BDO USA be permitted to submit monthly invoices for services rendered and expenses incurred under the Services Agreement. Such invoices will contain reasonable detail consistent with any rules, guidelines, and/or administrative orders promulgated by the Court that apply to these chapter 11 cases. The Debtors request authority to pay such invoices, after appropriate review, in a manner consistent with the payment of other retained professionals in this matter, consistent with any administrative orders that would apply to interim payments. All payments rendered pursuant to BDO USA's retention by the Debtors must be approved by an order of this Court and based upon the filing by BDO USA of appropriate interim and final applications for allowance of compensation and reimbursement of expenses.

**Payments Received Prior to the Petition Date**

19. As set forth above, BDO USA has provided services to the Debtors since approximately 2018. BDO USA received prepayments within 90 days of the Petition Date in the aggregate amount of $215,000. In August of 2025, the Debtors began prepaying BDO USA for the services they were requesting BDO USA provide to the Debtors. The prepayments that BDO USA received within 90 days of the Petition Date are as follows:

| Date Prepayment Received | Prepayment Amount |
|---|---|
| August 1, 2025 | $90,000 |
| August 1, 2025 | $35,000 |
| August 5, 2025 | $90,000 |

As of the Petition Date, approximately $164,206.30 of the prepayment amount remained unused and is being held by BDO USA. BDO USA intends to apply the remaining prepayment amounts towards its post-petition invoices once such invoices are approved by the Court.

**Indemnification Provisions**

20. As a material part of the consideration for which BDO USA has agreed to provide the Services described herein, the Debtors have agreed to the indemnification provisions in paragraph 3 of the terms and conditions annexed to the Terms and Conditions Letter (collectively, the "Indemnification Provisions"). The Indemnification Provisions provide that the Debtors will defend, release, indemnify, and hold BDO USA harmless for any and all claims, liabilities, losses, damages, demands, or suits of any kind related to the Services or resulting from any acts or omissions of BDO USA employees leased to the Debtors in performing the Services. The Debtors and BDO USA believe that the Indemnification Provisions, as modified by the Order, are customary and reasonable for accountant engagements, both in-court and out-of-court and, as

modified in the Order, reflect the qualifications and limitations on indemnification provisions that are customary in this district and other jurisdictions.

21. The Indemnification Provisions contained in the Services Agreement were negotiated by the Debtors and BDO USA at arm's length and in good faith. The Debtors respectfully submit that the indemnification, contribution, reimbursement, and other provisions contained in the Indemnification Provisions, viewed in conjunction with the other terms of BDO USA's proposed retention, and as modified in the Order, are reasonable and in the best interests of the Debtors and their creditors given that the Debtors require BDO USA's services to successfully prosecute these chapter 11 cases.

22. Accordingly, as part of this application, the Debtors request that the Court approve the Services Agreement.

**No Duplication of Services**

23. The Debtors intend that BDO USA's services will not duplicate the services to be rendered by any other professional retained by the Debtors in these chapter 11 cases. The Debtors believe that at their request BDO USA will work cooperatively with the Debtors to avoid any unnecessary duplication of services with the Debtors' other professionals.

**BDO USA's Disinterestedness**

24. BDO USA has informed the Debtors that, except as set forth in the Wilkes Declaration, BDO USA: (a) does not hold any interest adverse to the Debtors' estates; and (b) believes that it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code. If any new material facts or relationships are discovered or arise, BDO USA will inform the Court as required by Bankruptcy Rule 2014(a).

25. BDO USA represented, and in the future may represent, entities with connections to certain entities that have submitted to the Debtors or their advisors, indications of interest or bids, or otherwise participated in the Debtors' prepetition marketing and sale processes. Due to the confidentiality related to this process, the applicable entities are not identified in Schedule 1 or Schedule 2. For the avoidance of doubt, BDO USA does not represent any of these entities in any matters related to the Debtors, their affiliates, these chapter 11 cases, or sale of any of the Debtors' assets. Upon request of the Court or the U.S. Trustee, BDO USA will provide to such parties the names of such entities and disclose the nature of BDO USA's connection on a confidential basis in the same manner and form as the identifications and disclosures contained in Schedule 2.

26. Accordingly, to the best of the Debtors' knowledge, information, and belief that is based in reliance on the representations made to the Debtors by BDO USA, the Debtors believe that BDO USA is disinterested and holds no materially adverse interest as to the matters upon which they are to be retained in these chapter 11 cases.

## Basis for Relief

### I. The Debtors Should Be Permitted to Retain and Employ BDO on the Terms in the Services Agreement Pursuant to Sections 327, 328, and 1107(b) of the Bankruptcy Code.

27. The Debtors respectfully submit that the retention of BDO USA under the terms in the Services Agreement is appropriate under sections 327(a), 328, and 1107(b) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code authorizes a debtor in possession to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines a "disinterested person" as a person that:

a. is not a creditor, an equity security holder, or an insider;

b. is not and was not, within two (2) years before the date of the filing of the

petition, a director, officer, or employee of the debtor; and

c. does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationships to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

28. Further, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). BDO USA's prepetition relationship with the Debtors is therefore not an impediment to BDO USA's retention to provide postpetition tax services.

29. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

30. As recognized by numerous courts, Congress intended in section 328(a) to enable debtors to retain professionals pursuant to specific fee arrangements to be determined at the time of the Court's approval of the retention, subject to reversal only if the terms are found to be improvident in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a). *See Donaldson, Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862–63 (5th Cir. 1997) ("If the most competent professionals are to be available for complicated capital restructuring and the development of successful corporate reorganization, they must know what they will receive for their expertise and commitment.").

31. As set forth in the Services Agreement, BDO USA has requested payment of its fees according to the hourly rates set forth in the Fee Structure. The Debtors believe that the Fee

Structure is reasonable and should be approved under section 328(a) of the Bankruptcy Code. The Debtors submit that these hourly rates appropriately reflect: (a) industry practice; (b) market rates for comparable services both in and out of the chapter 11 context; and (c) BDO USA's substantial experience providing tax advisory services.

32. Moreover, the Debtors and BDO USA believe the Indemnification Provisions in the Terms and Conditions Letter are customary and reasonable for tax advisor service engagements both out of court and in chapter 11 cases. Such Indemnification Provisions reflect the qualifications and limits on such terms that are customary in this jurisdiction and are in substantially the same form as terms that have been approved by this Court in other recent cases. *See, e.g.*, *In re Joann Inc.*, No. 24-10418 (CTG) (Bankr. D. Del. Apr. 15, 2024); *In re ViewRay, Inc.*, No. 23-10935 (KBO) (Bankr. D. Del. Apr. 3, 2024); *In re AN Global LLC*, No. 23-11294 (JKS) (Bankr. D. Del. Dec. 21, 2023); *In re Mallinckrodt plc*, No. 23-11258 (JTD) (Bankr. D. Del. Oct. 16, 2023); *In re PacificCo Inc.*, No. 23-10620 (KBO) (Bankr. D. Del. June 20, 2023).

33. The Debtors believe that the terms and conditions of the Services Agreement are customary and reasonable for tax advisory services engagements and are in the best interests of the Debtors' estates, creditors, and all parties in interest. As such, the Debtors submit that the terms and conditions of BDO USA's retention as described herein, including the proposed Fee Structure and Indemnification Provisions, are reasonable and in keeping with the terms and conditions typical for engagements of this size and character. Since the Debtors will require substantial assistance with the reorganization process, it is reasonable for the Debtors to seek to employ and retain BDO USA to provide tax advisory services on the terms and conditions set forth in the Services Agreement.

## II. Employment of BDO USA Should Be Effective as of August 6, 2025.

34. The Debtors also believe that employment of BDO USA effective as of August 6, 2025 is warranted under the circumstances of these chapter 11 cases. BDO USA has provided, and will continue to provide, valuable services to the Debtors regarding the contemplated restructuring transactions and has been doing so prior and subsequent to August 6, 2025. *See, e.g.*, *In re Arkansas Co.*, 798 F.2d 645, 648 (3d Cir. 1986) ("[T]he bankruptcy courts have the power to authorize retroactive employment of counsel and other professionals under their broad equity power.") (collecting cases).

## Notice

35. The Debtors will provide notice of this application to the following parties or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; (c) the Priority Term Loan Agent; (d) the Existing Term Loan Agent; (e) the Agent under the ABL Facility; (f) the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

36. No prior request for the relief sought in this application has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: August 29, 2025

/s/ *Christopher T. Cramer*
Christopher T. Cramer
Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer
Claire's Holdings LLC