IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) Case No. 25-11454 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) Hearing Date: September 22, 2025 at 10:00 a.m. (ET) |
| | ) Obj. Deadline: September 15, 2025 at 4:00 p.m. (ET) |

**APPLICATION OF DEBTORS
FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS
TO EMPLOY AND RETAIN OMNI AGENT SOLUTIONS, INC.
AS ADMINISTRATIVE AGENT EFFECTIVE AS OF AUGUST 6, 2025**

The above captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this application:[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") (a) authorizing the retention and employment of Omni Agent Solutions, Inc. ("Omni") as administrative agent in the chapter 11 cases effective as of the Petition Date (as defined below) in accordance with the terms and conditions set forth in that certain engagement

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Chris Cramer, Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of Claire's Holdings LLC and Certain of its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "First Day Declaration"). Capitalized terms used but not defined in this application shall have the meanings ascribed to them in the First Day Declaration.

agreement between the Debtors and Omni effective as of June 20, 2025, (the "Retention Agreement"), a copy of which is annexed as **Exhibit C** hereto, and that certain engagement letter between the Debtors and Omni effective as of June 20, 2025 (the "Retention Letter"), a copy of which is annexed as **Exhibit D** hereto (the Retention Agreement and the Retention Letter, together, the "Retention Documents").  On the Petition Date, the Debtors filed an application (the "Section 156(c) Application") for an order appointing Omni as claims and noticing agent pursuant to 28 U.S.C. §156(c), section 105(a) of the Bankruptcy Code, and Local Rule 2002-1(f) (as defined below), and the Court entered the order approving the Section 156(c) Application on August 7, 2025 [Docket No. 86].  The Debtors believe that administration of these chapter 11 cases will require Omni to perform duties outside the scope of services authorized to be provided to the Debtors by Omni pursuant to the order approving the Section 156(c) Application.

2.  In support of this application, the Debtors submit the *Declaration of Paul H. Deutch in Support of the application of Debtors for Appointment of Omni Agent Solutions Inc. as Administrative Agent Effective as of the Petition Date* (the "Deutch Declaration"), attached hereto as **Exhibit B** and incorporated by reference herein.

### Jurisdiction and Venue

3.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final

order by the Court in connection with this application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are sections 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1.

## Background

6. On August 6, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 7, 2025, the Court entered an order [Docket No. 79] authorizing the procedural consolidation and the joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. On August 15, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 154], as subsequently amended on August 21, 2025 [Docket No. 216] (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## Omni's Qualifications

7. Omni is a chapter 11 administrator comprised of leading industry professionals with significant experience in the administrative aspects of large, complex chapter 11 cases. Omni's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Omni's professionals have acted as debtors' claims and noticing agent and/or

administrative agent in many large bankruptcy cases in this district and in other districts nationwide, including the following: *In re At Home Group Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. June 16, 2025); *In re Boundless Broadband, LLC,* No. 25-10948 (BLS) (Bankr. D. Del. May 29, 2025); *In re Solid Fin. Tech., Inc.*, No. 25-10669 (BLS) (Bankr. D. Del. Apr. 7, 2025); *In re Go Lab, Inc.*, No. 25-10557 (KBO) (Bankr. D. Del. Mar. 25, 2025); *In re Wynne Transp. Holdings, LLC*, No. 25-10027 (KBO) (Bankr. D. Del. Jan. 10, 2025); *In re Ligado Networks, LLC*, No. 25-10006 (TMH) (Bankr. D. Del. Jan. 5, 2025); *In re First Mode, Holdings, Inc.*, No. 24-12794 (KBO) (Bankr. D. Del. Dec. 15, 2024); *In re True Value Co., L.L.C.*, No. 24-12337 (KBO) (Bankr. D. Del. Oct. 14, 2024); *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Oct. 11, 2024); *In re Edgio, Inc.*, No. 24-11985 (KBO) (Bankr. D. Del. Sept. 9, 2024); *In re Vyaire Med. Inc.*, No. 24-11217 (BLS) (Bankr. D. Del. June 11, 2024); *In re Never Slip Holdings, Inc.*, No. 24 10663 (LSS) (Bankr. D. Del. Apr. 1, 2024).[3]

### Services to be Provided

8. The Debtors propose to engage Omni to act as their administrative agent. The terms of Omni's retention and employment are set forth in the Retention Documents. Consistent with the Retention Documents, the Debtors seek to retain Omni to provide, among other things, the following bankruptcy administration services (collectively, the "Administrative Services"), if and to the extent requested:

   (a) Assist with, among other things, solicitation, balloting and tabulation of votes, and preparation of any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this application. Copies of these orders are available upon request to the Debtors' proposed counsel.

(b) Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c) Assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

(d) Provide a confidential data room, if requested;

(e) Manage and coordinate any distributions pursuant to a chapter 11 plan; and

(f) Provide such other processing, solicitation, balloting, and other administrative services described in the Retention Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Office of the Clerk of the Bankruptcy Court (the "Clerk").

9. The Debtors chose Omni to perform the Administrative Services because of Omni's experience, reputation, familiarity with the chapter 11 cases, and the competitiveness of its fees. The Debtors submit that using Omni to provide the Administrative Services has provided, and will continue to provide, the most cost-effective and efficient administration of the chapter 11 cases. Moreover, retaining Omni to perform the Administrative Services has allowed, and will continue to allow, the Debtors and their other professionals to focus on key aspects of the Debtors' their chapter 11 objectives. Accordingly, the Debtors believe that Omni is qualified to provide the Administrative Services and that Omni's retention in such capacity is in the best interests of the Debtors' estates and creditors.

**Professional Compensation**

10. The fees Omni will charge in connection with providing services to the Debtors are set forth in the Retention Documents. The Debtors respectfully submit that Omni's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Omni as administrative agent. The Debtors believe Omni's rates are reasonable given the quality of Omni's services and Omni's bankruptcy expertise. Additionally,

Omni will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Retention Documents.

11. Omni intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as administrative agent pursuant to the Retention Documents. Omni will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in the chapter 11 cases regarding professional compensation and reimbursement of expenses.

12. Prior to the Petition Date, the Debtors provided Omni with a retainer (the "Retainer") in the amount of $100,000. In addition, immediately prior to the commencement of these chapter 11 cases, the Debtors remitted a replenishment payment of $10,000 to Omni. Prior to the Petition Date, Omni billed $73,477.06 towards the Retainer and applied a prepetition credit of $15,000 on behalf of the Debtors. As of the Petition Date, therefore, Omni had used approximately $58,477.06 of the Retainer. Omni seeks to hold the balance of the Retainer pursuant to the Retention Documents during these chapter 11 cases as security for the payment of fees and expenses incurred under the Retention Documents. Except as described in this paragraph, Omni has not received any payments from the Debtors in the 90 days prior to the Petition Date.

13. Additionally, under the terms of the Retention Documents, the Debtors have agreed to indemnify, defend, and hold harmless Omni and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Retention Documents, except in circumstances resulting solely from Omni's gross negligence, fraud, or willful misconduct or as otherwise provided in the Retention Documents.

The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of an administrative agent in the chapter 11 cases.

### Omni's Disinterestedness

14. Omni has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information and belief, and except as disclosed in the Deutch Declaration, Omni is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

15. Omni believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest. Omni will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

### Basis for Relief

16. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

17. Bankruptcy Rule 2014(a) requires that an application for retention include specific facts showing:

> (A) the need for the employment; (B) the name of the [firm] to be employed; (C) the reasons for the selection; (D) the professional services to be rendered; (E) any proposed arrangement for compensation; and (F) to the best of the applicant's knowledge, all of the [firm's] connections with: the debtor; creditors; any other party in interest; their respective attorneys and accountants; the United States Trustee; and any person employed in the United States trustee's office

Fed. R. Bankr. P. 2014(a)(2).

18. In light of the size of the chapter 11 cases, the Debtors respectfully submit that retaining and employing Omni pursuant to the terms of the Retention Documents is necessary and in the best interests of the Debtors' estates and all parties in interest to the chapter 11 cases. The Debtors also believe that the terms and conditions of the Retention Documents are reasonable in light of the anticipated high volume of creditors and other parties in interest that will be involved in these cases.

19. Accordingly, to help manage administrative tasks with respect to the large number of creditors and other parties in interest that are expected to be involved in the chapter 11 cases, the Debtors respectfully request the Court enter an order appointing Omni as the administrative agent in the chapter 11 cases pursuant to sections 327(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## Notice

20. The Debtors will provide notice of this application to the following parties or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; (c) the Priority Term Loan Agent; (d) the Existing Term Loan Agent; (e) the Agent under the ABL Facility; (f) the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that is entitled

to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: August 29, 2025  Claire's Holdings LLC, *et al.*

*/s/ Christopher T. Cramer*
Name:  Christopher T. Cramer
Title:   Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer