## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. __** |

**ORDER AUTHORIZING DEBTORS**
**TO EMPLOY AND RETAIN OMNI AGENT SOLUTIONS, INC.**
**AS ADMINISTRATIVE AGENT EFFECTIVE AS OF AUGUST 6, 2025**

Upon the application (the "Application")[2] of the Debtors for entry of an order

(this "Order"):  (a) authorizing the Debtors to employ and retain Omni Agent Solutions, Inc.

("Omni") as administrative agent in the Debtors' chapter 11 cases effective as of the Petition Date

pursuant to the Retention Agreement; and (b) granting related relief; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and § 1334 and the *Amended Standing*

*Order of Reference from the United States District Court for the District of Delaware*, dated

February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.

§ 157(b); and this Court having found that this Court may enter a final order consistent with Article

III of the United States Constitution; and this Court having found that venue of this proceeding

and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this

Court having found that the relief requested in the Application is in the best interests of the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

2

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and the Deutch Declaration and having heard the statements in support of the relief requested therein, at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.	The Application is granted as set forth herein.

2.	Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3.	The Debtors are authorized to retain Omni as administrative agent effective as of the Petition Date under the terms of the Retention Documents, and Omni is authorized to perform the bankruptcy administration services described in the Application and set forth in the Retention Documents.

4.	Omni is authorized to take such other action to comply with all duties set forth in the Application.

5.	Omni shall apply to this Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Rules, and any orders entered in these cases regarding professional compensation and reimbursement of expenses.

6.	The Debtors shall indemnify the Indemnified Parties (as defined in the Retention Agreement) under the terms of the Retention Agreement, as modified pursuant to this Order.

7.    The Indemnified Parties shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Retention Documents for services other than the services provided under the Retention Documents, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court.

8.    Notwithstanding anything to the contrary in the Retention Documents, the Debtors shall have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any claim or expense that is either:  (i) judicially determined (the determination having become final) to have arisen from Omni's bad faith, gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Omni's contractual obligations if this Court determines that indemnification, contribution or reimbursement would not be permissible; or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Parties should not receive indemnity, contribution or reimbursement under the terms of the Retention Agreement as modified by this Order.

9.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing the chapter 11 cases, the Indemnified Parties believe that they are entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Retention Agreement (as modified by this Order), including the advancement of defense costs, the Indemnified Parties must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Parties before the entry of an order by this Court approving the payment requested therein.  This paragraph is intended only to specify the period of time under which this Court shall

have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Parties. All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution or reimbursement.

10.     The Debtors and Omni are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11.     Notwithstanding any term in the Retention Documents to the contrary, this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

12.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

13.     In the event of any inconsistency between the Retention Documents, the Application, and this Order, this Order shall govern.

14.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.