IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> CLAIRE'S HOLDINGS LLC, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 25-11454 (BLS) <br><br> (Jointly Administered) <br><br> **Obj. Deadline: Extended by Agreement to September 3, 2025 at 4:00 p.m. (ET)** <br><br> RE: D.I. 190 & 209 |

**LIMITED OBJECTION BY TREASURE VALLEY MARKETPLACE
TO DEBTORS' NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT**

Treasure Valley Marketplace, LLC ("Landlord" or "TVM"), hereby files this Limited Objection to the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases* [D.I. 209] (the "Notice") and the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving the Sale of Going-Concern Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests and (II) Granting Related Relief* [D.I. 190] (the "Sale Motion")[2]. In support of this Limited Objection, TVM respectfully states:

**BACKGROUND**

1. TVM is the landlord and Debtor Claire's Boutiques, Inc. (the "Tenant Debtor") is the tenant under a written lease agreement, as amended (the "TVM Lease") for the lease of a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Sale Motion.

premises located at Treasure Valley Marketplace, 16447 North Marketplace Road, Suite #Q4, Nampa, Idaho 83687 (the "Premises").

2. The Premises is located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd*., 922 F.2d 1081, 1086–87 (3d Cir. 1990).

3. On August 6, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On August 20, 2025, the Debtors filed the Sale Motion pursuant to which the Debtors are seeking authorization and approval of a sale transaction with AWS Claire's, LLC (the "Purchaser"). The same day, the Debtors filed the Notice, which identifies certain executory contracts and unexpired leases that the Debtors may assume and assign in connection with the sale transaction. The Notice identifies the TVM Lease and proposes $8,578.64 as the amount necessary to cure all monetary defaults under the TVM Lease (the "Proposed Cure Amount").

## OBJECTIONS

**A. General Objections - Compliance with Bankruptcy Code.**

6. TVM objects to any proposed assumption and assignment procedures unless such procedures mandate compliance with all requirements of 11 U.S.C. §365, including subsections (b) and (f). Without such compliance, any proposed assumption and assignment must be denied.

**B. Adequate Assurance.**

7. The Debtors must demonstrate adequate assurance of future performance and provide the same timely. 11 U.S.C. § 365(b)(1)(C); see also 11 U.S.C. § 365(f)(2). The Debtors bear the burden of proof under 11 U.S.C. §365. See *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1991); *In re Rachels Industries, Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); see also *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (holding a specific factual showing through competent evidence to determine adequate assurance of future performance). See e.g., *Matter of Haute Cuisine, Inc.*, 58 B.R. 390 (Bankr. 5 M.D. Fla. 1986) (even though experts presented cash flow projections, the court found that insufficient documentary evidence had been presented).

8. Section 365(b)(3) heightens the adequate assurance requirements for shopping center leases. See *In re Sun TV and Appliances, Inc.*, 234 B.R. 356, 359 (Bankr. D. Del. 1999). To assume and assign shopping center leases, Debtors must satisfy the heightened requirements set forth in 11 U.S.C. § 365(b)(3)(A) - (D). See *In re Joshua Slocum*, 922 F.2d at 1086; see also *In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000). The heightened adequate assurance includes:

- the source of rent and that the financial condition and operating performance of the proposed assignee and its guarantors, if any, must be similar to the financial condition and operating performance of the debtor and its guarantor(s), if any, as of the time the debtor became the lessee. See 11 U.S.C. § 365(b)(3)(A);
- any percentage rent due under the lease will not decline substantially. See 11 U.S.C. § 365(b)(3)(B);
- assumption and assignment of the lease is subject to all provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach of any such provision in any other lease, financing agreement, or master agreement relating to such shopping center. See 11 U.S.C. § 365(b)(3)(C); and
- assumption and assignment of the lease will not disrupt the tenant mix or balance in the shopping center. See 11 U.S.C. § 365(b)(3)(D).

3

9. The adequate assurance information must be provided before the effective date of assumption and assignment of the TVM Lease. The Sale Motion notes this information will be forthcoming, but without having seen it yet, Landlord reserves all rights to challenge the sufficiency of the adequate assurance.

10. Landlord demands the "Use" for the Premises remain the same. Currently, the Sale Motion as well as proposed form of order do not make that clear.

**C. Cure.**

11. Landlord demands that the Debtors pay the full cure amount based upon actual amounts that are due *on the date* that the TVM Lease is assumed and assigned. See 11 U.S.C. §365(b). As of August 2025, Landlord was owed $8,578.64, plus any additional rents and common area maintenance charges that may become due, and pro-rata ad valorem taxes for 2025.

12. The TVM Lease contains provisions pursuant to which the Tenant Debtor is responsible for payment of CAM and property tax reconciliations for prior lease periods. Here, it is possible that there will be additional CAM and property tax obligations for periods that relate to the pre-assumption period (including for periods that relate to the pre-petition period).

13. Any order authorizing assumption of the TVM Lease should also expressly provide that the Purchaser shall be responsible for any reconciled CAM and property tax charges, even if those reconciled charges relate to periods prior to the date of assumption.

14. The Landlord further objects to the proposed cure amount because it does not include attorneys' fees, which the Landlord is entitled to under the TVM Lease. Therefore, attorneys' fees must be included as part of the Landlord's cure amount as pecuniary losses suffered as a result of the Debtors' defaults, under Section 365(b)(1)(B). *See In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001). Attorneys' fees have been accruing and will continue to increase

through any assumption and assignment of the TVM Lease. These amounts must be paid as part of any cure.

15. Further, the Proposed Cure Amount does not include amounts that became or will become due under the TVM Lease after the Petition Date but before the effective date of assumption. Amounts that first become due under the TVM Lease after the Petition Date but prior to the rejection or assumption of the TVM Lease must be promptly paid under Section 365(d)(3) of the Bankruptcy Code. The Proposed Cure Amount should not be construed as limiting any of the Debtor's obligations under section 365(d)(3) of the Bankruptcy Code.

16. In the event these 365(d)(3) obligations are not paid, the Tenant Debtor/Assignee should be required to pay them, as well as all pre-petition amounts due, on the date the TVM Lease is assumed.

17. Additional amounts continue to accrue, and Landlord reserves the right to supplement this objection.

18. Further, the Sale Motion fails to provide a framework under which disputed or undisputed cure amounts are paid to the Landlord. The Sale Order should provide that any undisputed cure amounts must be paid to the Landlord on the effective date of the assignment of the TVM Lease. The Sale Order should provide that any disputed cure amounts must be reserved, in cash, at the highest amount asserted, pending an out-of-court resolution or judicial proceedings.

19. In addition to the foregoing, Landlord further joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Limited Objection.

**RESERVATION OF RIGHTS**

20. Nothing in this Limited Objection is intended to be, or should be construed as, a waiver by TVM of any of its rights under the TVM Lease, the Bankruptcy Code, or applicable law. TVM expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Limited Objection and to assert any additional objections with respect to the Proposed Cure Amount, adequate assurance of future performance, the Sale Transaction, the proposed sale order and the asset purchase agreement; (b) amend the Cure Amount to include additional amounts owed under the TVM Lease; (c) assert any nonmonetary defaults under the TVM Lease; (d) assert any rights for indemnification or contribution against the Debtors arising under the TVM Lease; and (e) assert any further objections as it deems necessary or appropriate.

Dated: September 3, 2025
      Wilmington, Delaware

**ESBROOK P.C.**

*/s/ Scott J. Leonhardt*
Scott J. Leonhardt (DE 4885)
Katherine R. Welch (DE 7347)
1000 N. West Street
Suite 1200
Wilmington, DE 19801
(Phone) 302-650-7540
E-Mail: scott.leonhardt@esbrook.com
E-Mail: katherine.welch@esbrook.com

-and-

**RAY QUINNEY & NEBEKER P.C.**
Michael Johnson
David Leigh
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
(Phone) 801-323-3363
E-Mail: MJohnson@rqn.com

*Counsel for the Landlord*