IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| CLAIRE'S HOLDINGS, LLC, | § | Case No. 25-11454 (BLS) |
| *et al.*,[1] | § | |
| | § | |
| Debtors. | § | (Jointly Administered) |

## JOINT LIMITED OBJECTION OF THE TEXAS TAXING AUTHORITIES TO THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE SALE OF GOING-CONCERN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS AND <u>(II) GRANTING RELATED RELIEF</u>
(Relates to Document 190)

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COME NOW the Texas Taxing Authorities,[2] secured creditors and parties in interest and file this Joint Limited Objection to *Motion of Debtors for Entry of An Order (I) Authorizing and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] Texas Taxing Authorities is defined as all ad valorem taxing jurisdictions represented by the firms of Linebarger Goggan Blair and Sampson, LLP, Perdue Brandon Fielder Collins and Mott LLP, and McCreary, Veselka, Bragg & Allen, P.C., including but not limited to City of Allen, Allen Independent School District, Bexar County, Cameron County, Cypress-Fairbanks Independent School District, Dallas County, City of Eagle Pass, Eagle Pass Independent School District, Ector CAD, City of El Paso, Ellis County, Fort Bend County, City of Frisco, Galveston County, Grayson County, Gregg County, Harris-Fort Bend County Emergency Service District #100, Harris County Emergency Service District #09, Hidalgo County, City of Houston (for accounts represented by Linebarger), Houston Community College System, Houston Independent School District, City of Humble, Irving Independent School District, Jefferson County, Lamar CAD, Lewisville Independent School District, Lone Star College System, City of McAllen, McLennan County, Montgomery County, Northwest Independent School District, Nueces County, Orange County, Parker CAD, City of Pasadena, City of Prosper, Prosper Independent School District, City of Roanoke, Rockwall CAD, San Marcos CISD, Smith County, Tarrant County, Tom Green CAD, Victoria County, Alief Independent School District, Brazoria County, et al., Brownsville Independent School District, Burleson Independent School District, City of Burleson, City of Garland, City of Grapevine, City of Highland Village, City of Houston, City of Katy, City of Mercedes, City of Mineral Wells, City of Rosenberg, Clear Creek Independent School District, Eagle Mountain-Saginaw Independent School District, Fort Bend County Levee Improvement District #2, Fort Bend Independent School District, Frisco Independent School District, Garland Independent School District, Grapevine-Colleyville Independent School District, Harris County Municipal Utility District #120, Harris County Municipal Utility District #358, Harris County Water Control and Improvement District #155, Humble Independent School District, Katy Management District #1, Kerrville Independent School District, Lubbock Central Appraisal District, Magnolia Independent School District, Maverick County, Mercedes Independent School District, Midland County, Mineral Wells Independent School District, Palo Pinto County, Pasadena Independent School District, Plano Independent School District, San Jacinto Community College District, Spring Branch Independent School District, The Woodlands Metro Center MUD, The Woodlands Road Utility District #1, Thunderbird Utility District, Tyler Independent School District, Willow Fork Drainage District, Bell County TAD, Brazos County, Bowie CAD, City of Westworth Village, Denton County, Guadalupe County collecting for City of Selma, Hays County, Midland CAD, Pine Tree ISD, Taylor County CAD, City of Waco and Waco ISD, and Williamson County.

1

*Approving the Sale of Going-Concern Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests and (V) Granting Related Relief* (the "Sale Motion"), and respectfully show as follows:

## Background

1. The Texas Taxing Authorities are political subdivisions of the State of Texas, authorized and required by the Texas Constitution and laws to levy and collect taxes on taxable personal and real property within their boundaries, in order to operate and discharge their public purposes.

2. The Texas Taxing Authorities hold secured tax claims for the 2025 tax year. These claims are secured by tax liens on the business personal property of the Debtors within their boundaries (the "Tax Liens").

3. The Texas Taxing Authorities' Tax Liens are superior to any other secured claim in this case as provided by Article VIII, Section 15 of the Texas Constitution, and Sections 32.01 and Section 32.05(b) of the Texas Property Tax Code.

4. The Debtors propose a going-concern sale transaction involving a significant number of stores and the assets contained therein, free and clear of liens, claims, encumbrances, and other interests pursuant to section 363(f) of the Bankruptcy Code.

## Limited Objection

5. The Texas Taxing Authorities object to the Sale Motion to the extent that it seeks to sell assets that are encumbered by the liens of the Texas Taxing Authorities, free and clear without the consent of the Texas Taxing Authorities and without providing for payment at closing.

6. The Texas Taxing Authorities request that the final order provide that the Purchaser assume personal liability for the 2025 taxes to the same extent the Seller is currently liable for the taxes under Texas law. If the 2025 taxes are to be prorated with the Purchasers responsible for paying all or a portion of the 2025 taxes, the Tax Liens should remain attached to the assets until the taxes

2

are paid in full. Removing the Tax Liens under these circumstances would leave the Texas Taxing Authorities with no recourse for collection against the assets should the taxes not be paid.

7. Counsel for the Texas Taxing Authorities are conferring with counsel for the Debtors in an attempt to reach an agreement, but an agreement has not been reached.

<u>Prayer</u>

WHEREFORE, the Texas Taxing Authorities respectfully request that a final order approving the Motion provide that (1) the Purchaser assumes the 2025 tax liability, (2) retention of the Tax Liens until taxes are paid in full, and grant them such other and further relief as is just and proper.

Dated: September 3, 2025

Respectfully submitted,
Attorneys for The Texas Taxing Authorities

PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.

*s/ Melissa E. Valdez*
**Melissa E. Valdez**
Texas Bar No. 24051463
1235 North Loop West, Suite 600
Houston, Texas 77008
(713) 862-1860 *Telephone*
(713) 862-1429 *Facsimile*
mvaldez@pbfcm.com

LINEBARGER GOGGAN BLAIR &
SAMPSON, LLP

*/s/ Tara L. Grundemeier*
**Tara L. Grundemeier**
Texas State Bar No. 24036691
Post Office Box 3064
Houston, Texas 77253-3064
(713) 844-3478 *Telephone*
(713) 844-3503 *Facsimile*
tara.grundemeier@lgbs.com

        McCREARY VESELKA
        BRAGG & ALLEN, P.C.

        */s/ Julie Anne Parsons*
        Julie Anne Parsons
        Texas State Bar No. 00790358
        P.O. Box 1269
        Round Rock, TX 78680-1269
        (512) 323-3200 *Telephone*
        (512) 323-3205 *Facsimile*
        jparsons@mvbalaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served electronically through the Court's electronic case filing system on this 3rd day of September 2025.

        *s/ Julie Anne Parsons*
        **Julie Anne Parsons**

4