# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>YELLOW CORPORATION, *et al.*,[1]<br>Debtors. | Chapter 11<br>Case No. 23-11069 (CTG)<br>(Jointly Administered)<br>Re: Docket Nos. 4871 & 5181 |

## JOINDER OF
## MFN PARTNERS, LP AND MOBILE STREET HOLDINGS, LLC
## TO THE DEBTORS' MOTIONS FOR PARTIAL SUMMARY
## JUDGMENT ON SFA MEPPS' AND NON-SFA MEPPS' CLAIMS

---

[1] A complete list of each of the debtors in these chapter 11 cases (the "Debtors") may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

MFN Partners, LP ("MFN") and Mobile Street Holdings, LLC ("Mobile Street" and together with MFN, the "Movants"), by their undersigned counsel, hereby submits this Joinder to the *Debtors' Motion for Partial Summary Judgment on Non-SFA MEPPs' Withdraw Liability Claims* [Dkt No. 4871] and the *Debtors' Motion for Partial Summary Judgment on SFA MEPPS' and Non-SFA MEPPS' Claims* [Docket No. 5181] (together, the "Debtor Motions"). Movants respectfully state as follows:

## BACKGROUND AND JOINDER

1. The Debtor Motions explain why the claims of various multiemployer pension plans ("MEPPs") are overstated and must be disallowed, including significant issues involving purported defaults, the applicable discount rate, and the attempt by Central States Pension Fund ("Central States") to assert another $900 million in general unsecured claims, on top of its withdrawal liability claim.

2. MFN is the largest holder of the publicly traded stock of Yellow, holding approximately 42.5% of the equity interests in the Debtors. Mobile Street, an affiliate of MFN, holds unsecured claims against the Debtors, aggregating to nearly $200 million. Two of the claims Mobile Street holds are claims transferred to it by two MEPPs: Western Pennsylvania Teamsters & Employers Pension Fund ("Western PA Fund") and International Association of Machinists Motor City Pension Fund ("Motor City Fund"). *See* Dkt. No. 4346, 4347.

3. The Movants join the arguments the Debtors make in the Debtor Motions.[2] Specifically, notwithstanding the fact that it now holds the claims of Western PA Fund and Motor City Fund that have been objected to by the Debtors, Mobile Street supports the Debtors'

---

[2] In the case of the subordination issue, as set forth in the Movants' limited objection to the proposed disclosure statement, Dkt No. 4864 at 2, there is the possibility of the Debtors' estates having enough value from assets to ultimately pay all allowed general unsecured claims in full. In this circumstance, the subordinated portion of the MEPPs' claims would be paid ahead of equity security holders.

2

objections that would apply to these claims.[3]  The Debtors' legal and factual arguments are sound, mandating disallowance of the MEPPs' claims as set forth in the Debtor Motions.

4. Movants note that even though Mobile Street's claims are subject to objection, certain of the objections, if sustained, actually benefit virtually all allowed general unsecured claims, including most if not all other claims asserted by MEPPs, because they would not be subject to the massive dilutive effect of the claims asserted by Central States.

*[Remainder of Page Intentionally Left Blank]*

---

[3] The Debtors include the Western PA Fund claim and the Motor City Fund claim in the list of MEPPs' claims objected to because of lack of default information and applicable discount rate. Neither the Western PA Fund claim nor the Motor City Fund claim are unique in this respect. For avoidance of doubt, in the event that the Debtors do not prevail on a legal issue that applies to all MEPPs, Mobile Street reserves its rights to have its claims allowed to the same extent as any other MEPP.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, Movants respectfully join the Debtor Motions.

Dated: December 14, 2024
       Wilmington, Delaware

Respectfully Submitted,

/s/ L. Katherine Good
L. Katherine Good (No. 5101)
Maria Kotsiras (No. 6840)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: kgood@potteranderson.com
      mkotsiras@potteranderson.com

– and –

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Eric Winston (*pro hac vice* admitted)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Email: ericwinston@quinnemanuel.com

*Counsel for MFN Partners, LP and Mobile Street Holdings, LLC*